STATE *vs.* INTOXICATING LIQUORS, BOSTON AND MAINE RAILROAD, CLAIMANT AND APPELLANT.

York.    Announced at July Law Term, Western District.

Opinion January 3, 1891.

*Intoxicating Liquors.    Search and Seizure.    Interstate Commerce.    Common Carrier.    R. S., c. 27, § 42.*

To sustain a prosecution for crime, it must be shown that the crime had been committed when the prosecution was commenced.

Where it appeared that, at the time of seizure upon a warrant, a package of intoxicating liquors was in the possession of a common carrier, and in transit from another state, to this state, for delivery here; *Held:* That it was commerce, "among the several states," and as such was under the exclusive jurisdiction of Congress.    *Held, also,* that the package not having been broken nor delivered to the consignee, the state process for its seizure, while in that condition, was void

Such common carrier has a special title which gives it a legal right to the custody of the property, before delivery to the consignee, as against one having no right.

ON REPORT.

A locked and sealed box-freight car, laden with miscellaneous merchandise, consigned to different persons, among which were

ten kegs of whiskey, left Boston, at 7 :20 P. M., April 28, 1890, on defendant's railroad, way-billed for Old Orchard, in this state. Claimant is a common carrier of passengers and freight for hire, and as such received the kegs and entered them regularly on its way-bill, which accompanied the car into Maine.

The car did not enter the state until 12 :35 A. M., April 29, and reached Old Orchard about 2 :55 A. M., of the 29th, when it was set off on a siding and there left with its contents undisturbed, still locked and sealed. It had not been unlocked or unsealed since it left Boston the night before. By virtue of the warrant issued upon a search and seizure process about 8 P. M., April 28, the car was forcibly broken into about 3 :30 A. M., April 29, the kegs seized and with their contents libelled for destruction. Defendant corporation filed its claim in writing, in the municipal court of the city of Saco, for the return of the kegs and their contents to it, as such common carrier, claiming that the merchandise was still in its lawful possession as such, and still undelivered and in transit. The decision of the municipal court being adverse to the claimant, it appealed to this court.

*G. C. Yeaton,* for claimant.

Warrant illegally issued. Allegations in complaint untrue. Process alleges existing facts, when there were none such. *Heywood* v. *Tillson,* 75 Maine, p. 234; *State* v. *Grames,* 68 *Id.* p. 421; R. S., c. 27 § § 40, 41. *Com.* v. *Intox. Liquor,* 107 Mass., p. 392; *State* v. *Howley,* 65 Maine, 100; *State* v. *Dunphy,* 79 *Id.* 104; warrant could only issue, if at all, under R. S., c. 27, § 40. *State* v. *Roach,* 74 *Id.* 562. Transit not ended. 2 Benj. Sales, § 1246, *et seq.* (note 12); *Keeler* v. *Goodwin,* 111 Mass., 490; *Allen* v. *R. R.,* 79 Maine, 327; *Tufts* v. *Sylvester,* *Id.* 213.

Liquors not seizable under domestic statute when in the original package and part of interstate commerce. *Leisy* v. *Hardin,* 135 U. S., 100; *State* v. *Burns,* 82 Maine, 558. Possession of claimant sufficient. *State* v. *Liquors,* 69 Maine, 524.

*H. H. Burbank*, county attorney, for the state.

Libel conforms to statute. R. S., c. 27, § 41 ; *State* v. *Bartlett*, 47 Maine, 401 ; *State* v. *Liquors*, 80 *Id.* 91. Liquors not in original packages ; no importer claims them. Burden on claimant to show they were not intended for unlawful sale, or that they were within the exemptions of statute. R. S., c. 27, § § 33, 42 ; *State* v. *Robinson*, 49 Maine, 285 ; *State* v. *Blackwell*, 65 *Id.* 556. Warrant authorized the seizure. *Andro. R. R.* v. *Richards*, 41 Maine, 233. Claimant has no right of possession, title or lien, as against the state, for liquors. *State* v. *Liquors*, 50 Maine, 513 ; *Same* v. *Same*, 69 *Id.* 524 ; *State* v. *Cobaugh*, 78 *Id.* 403.

LIBBEY, J. This case comes here for decision on report. By the report, it appears that the Boston and Maine Railroad was a common carrier of travelers and merchandise by rail, from Boston through New Hampshire to Portland, in this state. On the 28th of April, 1890, a box containing ten five-gallon kegs of whiskey was delivered to the Railroad to be carried to Old Orchard, in this state, and there delivered to the consignee. The train containing the package started from Boston, about 7 :30 P. M., of that day and arrived at Old Orchard, at 2 :55 A. M., of the 29th of April. The package remained in the cars, undelivered to the consignee, till 3 :30 A. M. of that day, when the car was opened by the officer and the liquors were seized. The complaint and warrant by virtue of which the seizure was made were issued at 8 P. M., April 28th. The train carrying the liquors did not enter this state till past twelve P. M., of that day, so that when the complaint was made and the warrant issued, the liquors were not kept and deposited at Old Orchard, nor were they in this state.

After the liquors were libelled, the defendant corporation duly filed its claim for their possession, claiming it had the legal possession of them as a common carrier for the purpose of delivery to the consignee.

We think the package was unlawfully seized, and that the

claim for their possession must be sustained, for the following reasons :

1.   It is a familiar and well-established rule of law in criminal procedure, that, to sustain a prosecution for crime, it must be shown that the crime had been committed when the prosecution was commenced.   This rule is so familiar that no authorities need be cited.   The facts reported show that the offense alleged in the complaint in this case had not been committed when it was made.

2.   When the prosecution was commenced and the package of liquors was seized on the warrant, it was in the possession of the defendant corporation as a common carrier of merchandise, and in transit. from Massachusetts through New Hampshire to Maine for delivery to the consignee, and was commerce "among the several states," and as such was under the exclusive jurisdiction of Congress.   This state had no power over it. The package had not been broken, nor had it been delivered to the consignee.   The state process for its seizure while in that condition was void.   The question has,.so recently, been carefully considered and decided by our highest Federal Court, (*Leisy* v. *Hardin*, 135, U. S. 100,) and in this state, (*State* v. *Burns*, 82 Maine, 558), that no further discussion of principles or authorities can be useful. ,

But, it is claimed that the claimant as a common carrier has not sufficient title to the liquor under the statute, R. S., c. 27, § 42.   We think this contention is not sound.   A common carrier has a special title which gives a legal right to the custody of the liquors, before delivery to the consignee, as against one having no right.

> *Claim sustained.   An order to issue from the court in York County for the return of the liquors seized, to the claimant.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.