[No. 14265.  Department One. — September 2, 1891.]

# J. T. SHEWARD, RESPONDENT, v. THE CITIZENS' WATER COMPANY, APPELLANT.

INJUNCTIONS — PROVISIONAL REMEDY — PERPETUAL INJUNCTION — MERGER. — A preliminary order of injunction is a provisional remedy, which is merged in a perpetual injunction granted in the final decree, and its functions and operative effect are thereby terminated.

ID. — APPEAL — DISMISSAL. — After a decree granting a perpetual injunction, there is no existing order of injunction from which an appeal can be taken; and an appeal therefrom, taken after such decree, will be dismissed upon motion of the respondent.

PLEADING — DEMURRER TO ANSWER — EFFECT OF DENIALS — ADMISSION AS TO CAUSE OF ACTION. — A demurrer to an answer admits not only the facts alleged therein, but also, for the purpose of determining the sufficiency of the complaint, that the facts alleged in the complaint which are denied in the answer form no part of the plaintiff's cause of action.

ID. — INSUFFICIENT CAUSE OF ACTION — INJUNCTION — WATER SUPPLY — METER RATES — REFUSAL TO PAY CHARGES. — No cause of action is stated for compelling a water company to continue its supply of water to the plaintiff, or to enjoin it from cutting off such supply, where it is admitted by the plaintiff, upon demurrer to the answer, that an ordinance fixing meter rates was properly adopted; that a meter was applied to the water service of plaintiff's premises, with his knowledge and consent, which accurately measured the water used; that the use of water by plaintiff was large, unusual, and wasteful; that the sums demanded of the plaintiff for water consumed by him were the ordinary meter charges of the company, without discrimination against the plaintiff, and less than the rates fixed by the ordinance; and that plaintiff had refused to pay said sums.

FIXING WATER RATES — LEGISLATIVE ACTION — PRESUMPTIONS — JUSTICE OF RATES — MODE OF COLLECTION. — The act of the city council of a municipality in fixing water rates under article 14, section 1, of the constitution is a legislative act, and when performed is to receive all the presumptions and sanctions which belong to acts of legislative bodies generally; and the rates must be assumed to have been so fixed as to be just both toward the rate-payer and toward the company, and the mode of collection provided must be assumed to be that which will best subserve the interests and rights of both parties.

ID. — VALIDITY OF ORDINANCE — HOUSE AND METER RATES — INEQUALITY. — Where an ordinance fixing water rates does not show upon its face that the rates to be collected, where the amount of consumption is ascertained by a meter, are different from those generally collected from persons who are rated by the use to which they apply the water, the fact that house rates for specific uses are fixed in the absence of exact measurement, so as to be equivalent to meter rates only as a general rule, and that they may result in an inequality of individual rates, will not justify a court in inquiring into the propriety of the terms of the ordinance, es-

pecially if the house rates are not permanently conclusive upon either the consumer or the company, but either may demand a measurement of the exact amount of water consumed.

ID. — ACCURACY OF METER. — In determining the validity of the ordinance, it must be assumed that a meter, which is a measurer, will correctly measure and determine the water which passes through it, and the objection that the meter may be inaccurate in measurement cannot be considered.

WATER COMPANY — SHUTTING OFF WATER SUPPLY — NON-PAYMENT OF CHARGES. — A water company has the right to shut off the wate · from its consumer when the consumer refuses to pay for the water supplied.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order of injunction.

The facts are stated in the opinion of the court.

*F. H. Howard,* and *Howard & Balmer,* for Appellant.

*James Burdett,* and *Dooner & Burdett,* for Respondent.

HARRISON, J.— The defendant is a corporation supplying a portion of the inhabitants of Los Angeles with water for domestic use by means of its system of water works in that city, and the plaintiff is the owner of a certain house and premises connected with the water system of the defendant, and dependent upon it for all water necessary for domestic use or consumption. In the month of February, 1890, the city council of Los Angeles, in accordance with the requirements of the constitution, adopted an ordinance " regulating the rates and compensation to be collected by any person or corporation supplying water for domestic use and private purposes to the inhabitants of that city during the year commencing July 1, 1890, and ending June 30, 1891." By the first section of this ordinance, it fixed certain specific rates for the use of water furnished for dwelling-houses, according to the size of the house, and with additional rates for water used for certain specific purposes, such as bath-tubs, water-closets, lawn-sprinklers, etc., commonly called house rates. The second section of the ordinance declares: " Any person or corporation

furnishing water to the inhabitants of the city of Los Angeles shall have the right, in all cases where there is a large consumption or waste of water, to apply a meter and collect the following meter rates: For quantities of water, one thousand cubic feet or less, for each one hundred cubic feet, thirty-five cents; . . . . for each one hundred cubic feet over five thousand and less than ten thousand, twenty-five cents. . . . . Any person or consumer of water shall have the right to apply a meter at his own expense, but under the supervision of the water company, and pay for his water at meter rates as above, provided that in no case where meters are used shall the bill for water be less than one dollar per month." In the month of May of that year, the defendant, with the consent of the plaintiff, had applied a meter to the water service of the plaintiff, and through it supplied him with all water consumed by him during the months of July and August. According to the schedule of house rates fixed by section 1 of the ordinance, the rates of water for the house and premises of the plaintiff amounted to $6.20 each month. By the measurements of the meter the defendant was entitled to collect a greater sum of money, and accordingly it demanded of the plaintiff $12.95 for the water consumed in July, and the sum of $11.95 for that consumed in August. The plaintiff tendered to the defendant on the last day of each of said months the sum of $6.20, and demanded therefor a receipt in full payment of the water rates for the month ending on that day, but the defendant refused to receive the same, or any sum less than the above amounts of $12.95 and $11.95, respectively, as a payment of said rates; and the plaintiff refusing to pay any more than the amounts tendered by him, the defendant threatened to shut off its water supply, and disconnect the house and premises of the plaintiff from its water works and system. Thereupon the plaintiff brought this action to enjoin the defendant from so doing. Upon

the filing of the complaint, a restraining order was issued' by the judge of the court in which the action was brought, and subsequently, viz., October 20, 1890, upon the application of the plaintiff, and after notice to the defendant, the judge issued a provisional order of injunction in accordance with the prayer of the complaint. Thereafter the defendant filed an amended answer, to which the plaintiff demurred, and the court having sustained the demurrer, the defendant declined to further amend its answer; whereupon the court rendered its judgment, which was entered October. 25, 1890, "that the portion of the ordinance set out in the complaint, which provides for meter rates at the option of the company furnishing water, is contrary to law and void," and perpetually enjoined the defendant from shutting off the water supplied to the plaintiff and furnished by it, or from severing or in any wise impairing the connection of the plaintiff's premises with the water system of the defendant. On the 8th of November, 1890, the defendant appealed from the judgment, and on the 19th of November, 1890, from the order of injunction. The plaintiff has moved to dismiss the latter appeal, upon the ground that the final judgment awarding the plaintiff a perpetual injunction having been entered before such appeal was taken, no appeal could thereafter be taken from the order.

1. The order of injunction made October 20, 1890, was a provisional remedy, which, by its terms, was limited " until further order in the premises." Upon the entry of the final decree this provisional remedy was merged in the perpetual injunction thereby granted to the plaintiff, and ceased to have any operative effect upon the defendant. Its functions having thus terminated, there was thereafter no existing " order " granting an injunction from which an appeal could be taken. ( *Webber* v. *Wilcox*, 45 Cal. 301; *Lambert* v. *Haskell*, 80 Cal. 611; *Gardner* v. *Gardner*, 87 N. Y. 14; *Jackson* v. *Bunnell*,

113 N. Y. 220.)   It follows that the motion to dismiss the appeal from the provisional order of injunction must be granted.

2.  The demurrer to the answer admits not only the facts alleged therein, but also, for the purpose of determining the sufficiency of the answer, that the facts alleged in the complaint, which are denied in the answer, form no part of the plaintiff's cause of action, and are not to be regarded by the court.   It is thus admitted by the plaintiff that the ordinance above named was properly adopted, and that for the year beginning July 1, 1890, the defendant was entitled to collect from the plaintiff for the water consumed by him according to the rates therein specified; that in the month of May, before the said ordinance went into effect, the defendant, for the purpose of ascertaining the exact consumption of water on the premises of the plaintiff, applied a meter to the water service for said premises, " with the knowledge and consent of the plaintiff "; that the consumption of water by the plaintiff during the months of July and August of that year " was much in excess of the amount reasonably required," and that the use of water by him on said premises during said months was " large, unusual, and wasteful "; that said meter was so constructed " that it would properly and accurately measure the water consumed by plaintiff on his said premises, and by said meter measuring the water so used by the plaintiff it was ascertained that said plaintiff consumed upon said premises during the month of July, 1890, 7,311 cubic feet of water, and during the month of August, 1890, the plaintiff consumed on his said premises 6,652 cubic feet of water "; that the sums demanded of the plaintiff for water consumed by him during these months were reasonable, and were the ordinary meter charge made by the defendant to its customers, and in no wise discriminative against the plaintiff, and were less than the

amount of rates therefor fixed by the ordinance, and that the plaintiff had refused to pay said sums.

Upon the facts thus admitted, the plaintiff showed no cause of action for compelling the defendant to continue its supply of water, or to enjoin it from cutting off such supply.

The argument presented in support of the judgment is, that an ordinance "which fixes two rates, one to be determined by the size of the house and lawn, and by certain specific uses, the other by the amount of water consumed, as shown by the meter," is invalid, for the reason that it establishes two or more different rates for the same class of consumers, and enables the water company to discriminate between consumers of the same class.

The city council of each municipality is, by the constitution, article XIV., section 1, made the legislative body, upon which is devolved the duty of fixing the rates to be collected for the use of water supplied to the inhabitants of any city. Its act in fixing these rates is a legislative act, and when performed, is to receive all the presumptions and sanctions which belong to acts of legislative bodies generally. It must be assumed that the council, in fixing the rates for any year, have adopted such a measure of compensation as will be just towards the rate-payer as well as the company, and that the mode of collection is that which, in the judgment of this legislative body, will best subserve the interest and rights of both parties.

The power of the court to disregard the terms of the ordinance has not been discussed by counsel, but if we should concede that the court, in a controversy between the water company and a rate-payer, has any jurisdiction to inquire into the propriety of the terms of the ordinance, where the ordinance is not void upon its face, we do not think that the facts shown in the present record authorize such inquiry.

The ordinance in question does not *upon its face* show that the rates to be collected, where the amount of consumption is ascertained by a meter, are different from those collected from persons who are rated by the use to which they apply the water. It may be assumed that for the purpose of fixing the rates in any year, the city council would, as a preliminary consideration, determine the gross amount of compensation to be allowed the water company for the estimated quantity of water to be furnished by it, and would fix the rates so that this compensation would be realized. For this purpose, it would establish some unit of quantity as the standard by which the rates to be collected should be fixed, and would then in its rating for specific uses estimate what portion of this unit would be consumed in the several specific uses for which rates are established. This unit in quantity is found in the second section of the ordinance, and whenever the supply is determined under the provisions of that section, the compensation is in strict accordance with the standard so fixed.

Recognizing the fact, however, that to furnish and keep in order meters for all its consumers increases the expenses of the company, and indirectly the rates to be borne by the consumers, the city council, in order to avoid this increase of cost, has in the first section adopted a schedule of rates to be collected for certain specific uses of water. As the rates to be collected by the water company are properly in accordance with the amount of water furnished, and not for the use to which it is applied, the council, for the purpose of determining these rates, would ascertain from such sources of information as were available what portion of the unit of quantity fixed in the standard for compensation would under ordinary circumstances be supplied for each of these specific uses, and would fix the rates accordingly. Necessarily the same amount of water will not be consumed by each individual, even for the same specific

use, and these rates may not produce the same compensation to the company as it would receive under the second section of the ordinance; and while this provision of the city council for rates that in the absence of exact measurement will only as a general rule be equivalent to the rates charged by measurement, may result in an inequality of individual rates, it affords only another illustration that in practical legislation absolute perfection is unattainable.

These rates are not, however, permanently conclusive upon either the consumer or the company. If the consumer is of the opinion that they call for greater compensation than is authorized by the amount of water which is actually supplied to him, he has the right to have his exact consumption ascertained and rated; and if, on the other hand, the company is of the opinion that the consumer makes use of a larger amount of water than is justified under the estimate made in fixing the rates for specific uses, it can attach a meter and receive compensation for the exact amount consumed. In either case there is nothing unjust or inequitable to either party, since in each the company receives and the consumer pays for the exact amount of water supplied. Nor can it be said that the ordinance itself furnishes any opportunity for discrimination or distinction between its customers.

The objection that the meter may be inaccurate in measurement cannot be considered. A meter is a measurer, and we must assume upon the facts as alleged that it correctly measures and determines the water which passes through it.

With reference to the proposition of the respondent that the company has not the right or power to shut off the water from its consumer when the consumer refuses to pay for the water supplied, we merely say, " as it is submitted without argument, it is overruled in like manner." (33 Cal. 514.)

The appeal from the order of injunction made October 20, 1890, is dismissed. The judgment appealed from is reversed, and the cause remanded.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.