HARRIET W. LEIGHTON *vs.* GEORGE E. RICKER & another.

Suffolk. January 12, 1899. — June 30, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Lease — Water Rates — Rent — Set-off.*

A lessee cannot set up against the rent due, in an action therefor, the amount paid by him to the town for water used on the premises during the lease, without showing that the lessor was liable in some way to pay, or agreed to pay for it; and an agreement to pay for it cannot be implied because the water was essential to the premises for the purpose for which they were used; and the fact that the lessee supposed that the lease, which was the second one and was silent as to the water rates, required him to pay them just as the first lease did, is immaterial.

CONTRACT, upon a lease dated March 20, 1894, for three years, of a building in Winthrop used as a hotel. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows.

The action was to recover the alleged balance due upon a second lease of $654.92. The defendant filed an account in set-off, and the case was sent to an auditor, who reported to the court that there was due the plaintiff $551.69, with interest from

the date of the writ. The defendant accepted the report, except as to item 16 of his account in set-off, which was as follows : " To three years' water tax paid by mistake, $182.50."

The report stated :

" As to item 16 of the declaration in set-off, I find that the defendants paid to the town of Winthrop the sum of one hundred eighty-two and 50/100 dollars as the water rates or assessments for the use of the town water upon and in the premises for the years 1895, 1896, and 1897, the defendants supposing that the terms of the lease required them to pay these assessments the same as the prior lease had. The plaintiff knew such rates were being paid by the defendants, but nothing was said by either party about the water rates until after all such payments had been made and the term of the lease had expired. The supply of water so paid for was essential to the use of the premises as a hotel, the only use permitted by the lease.

" Upon these facts, I rule as a matter of law that the defendants cannot recover of the plaintiff the said amounts so paid for water rates, and to this ruling the defendants excepted."

The lease contained no covenant relative to the water rates, and nothing was said therein about water rates.

*S. K. Hamilton*, for the defendants.

*E. H. Savary*, for the plaintiff.

MORTON, J. The single question in this case is whether the defendants can set off against the rent due to the plaintiff the amount paid by them to the town of Winthrop for water used on the premises during the second lease. In the first lease it was expressly provided that the defendants should pay the water rates, but the second lease was silent on the subject. The defendants supposed that it required them to pay the water rates just as the first did. The plaintiff knew that the defendants were paying the water rates, but nothing was said by either party about them till after the lease had expired and the water rates had all been paid. The lease permitted the premises to be used only for a hotel, and the water which the defendants paid for was essential to the use of the premises as a hotel. Upon these facts, which are substantially all of the facts, the auditor ruled that the defendants could not recover of the plaintiff the amounts paid for water rates, and the Supe-

rior Court affirmed the auditor's ruling, and ordered judgment accordingly.

We think that the ruling was right. The water rates did not constitute a lien on the premises which the plaintiff ultimately would have been obliged to pay, as in the case of taxes. *Turner v. Revere Water Co.* 171 Mass. 329. The payment by the defendants lacked therefore the justification which perhaps it is possible that such a fact might have furnished under some circumstances. The defendants cannot recover without showing that the plaintiff was liable in some way for the water rates. It is not contended that she agreed to pay them. And we do not think that any agreement on her part to pay them can be implied, because the water was essential to the premises for the purpose for which they were leased. It hardly can be said, we think, that a landlord impliedly agrees to pay for whatever is essential to the use of the premises which he leases. There was nothing in the conduct of the plaintiff to constitute a liability by estoppel, and the fact that the defendants may have misapprehended the effect of the lease can, of course, furnish no ground for recovery against the plaintiff.

*Judgment affirmed.*