THE CITY OF CHICAGO

*v.*

THE NORTHWESTERN MUTUAL LIFE INSURANCE CO.

*Opinion filed October 24, 1905—Rehearing denied Dec. 6, 1905.*

1. MUNICIPAL CORPORATIONS—*water rates are not a tax.* Water rates charged by a city for furnishing water are not a tax, and do not constitute a lien upon property delinquent in payment of such rates as against a purchaser thereof after the delinquency occurs.

2. SAME—*back water rates paid under protest may be recovered with interest.* A purchaser of property who pays to the city back water rates wrongfully exacted, which payment is made under protest to prevent the city from carrying out its threat to shut off the water supply to the property, may recover the amount, with interest, in an action at law against the city.

3. SAME—*city is liable for interest on money wrongfully exacted and withheld.* A municipal corporation which wrongfully exacts money and holds the same without just claim or right is liable for interest thereon.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

Appellee brought an action of assumpsit against appellant, in the superior court of Cook county, to recover for certain water charges paid by it under protest. An agreed state of facts was entered of record, and upon the case being submitted to the court without a jury, judgment was entered against appellant for $1849, together with interest and costs of suit. This judgment has been affirmed by the Appellate Court, and a further appeal has brought the case to this court.

The agreed state of facts shows that the city of Chicago has for more than ten years been operating a water system and furnishing its inhabitants with water, and it is the only corporation, firm or person within the limits of the city owning or operating a water-works system. Section 32 of the ordinances provides that any person failing to pay his water rates within the time prescribed shall not be entitled to any discount, and if the rate is not paid within sixty days after the first day of the current assessment period the water shall be shut off from the premises, and in case of failure of the water bureau to shut off the supply on or before thirty days prior to the expiration of the current collection period, the water bureau shall lose any lien it may have against the premises as to seventy-five per cent of the frontage rate and all extra fixtures, and shall collect the same by an action at law. The appellee is a corporation organized under the laws of the State of Wisconsin, and obtained title to a number of pieces of property in the city of Chicago at various times through foreclosure proceedings. The city of Chicago presented to appellee separate bills for water supplied upon each piece of property, thus seeking to charge appellee not only for the water supplied to it upon the particular property to which said bill related, but in addition thereto seeking to charge it with back water rates for water supplied to former owners or tenants prior to the ownership or occupancy of appellee and which the former owner or tenant had failed to pay. In each case, upon the presentation of the bill ap-

pellee tendered to appellant the amount of charges for water furnished since the particular piece of property had been transferred to appellee and denied any liability for the back water rates furnished other tenants or occupants, and appellee remonstrated with the authorities of the city of Chicago against the charges for back water rates, but was informed by appellant that unless the particular bill or bills were paid as rendered, the appellant would proceed at once to shut off the water from the particular premises, and in some instances the water was shut off from certain premises by the appellant. Thereupon appellee made payment to appellant of each of said water bills, aggregating the sum of $1564.94, including the back water rates, and also including a charge for shutting off the water in places where the water had actually been shut off. Each of said payments was made by a check enclosed in a letter stating that said payment was made under protest, and for the sole reason that appellant had threatened to shut off or had shut off the supply of water from the premises to which the particular bill so paid related. Each of the particular pieces of property to which the several bills related was improved, at the time, with buildings used as stores, flats and residences, furnished with tubs, boilers, wash-basins, and a system of water pipes and faucets connected with and supplied by water from the system of water pipes of appellant.

WILLIAM D. BARGE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellant.

HOYNE, O'CONNOR & HOYNE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The sole question is as to the right of appellee to recover the sum thus paid under protest. It is not claimed that the city had any lien on the lots for the back taxes or that appellee was under any obligation to pay the same, but it is

claimed by appellant that the city had a right to say that it would not furnish a future supply of water unless its old bills were paid, and that the payments were made by appellee with full knowledge of all the facts, and were therefore voluntary and not under protest, and cannot be recovered.

Appellant is a municipal corporation. Its corporate powers do not require it to furnish water to its inhabitants, but it has the right so to do when it sees fit. But when it does thus furnish its inhabitants with water, it is not by virtue of the exercise of the power of sovereignty, but it is a business which is public in its nature, and belongs to that class of occupations or enterprises upon which public interest is impressed. The water rates are imposed and collected, not as a tax, but as a compensation to be paid by those who choose to receive and use the water. The city cannot arbitrarily establish its rates, but they must be, to a certain extent, uniform, reasonable and just. Neither can the city arbitrarily select its patrons, but it must serve all who may apply on equal terms. (*Wagner* v. *City of Rock Island,* 146 Ill. 139.) Appellee became the owner of the pieces of property at various times, covering a period of several years. Under the law it had a right to be treated the same as other residents of the city. When payment was demanded for back taxes, it offered to pay what other inhabitants of the city paid for like services but refused to pay the rate in arrears. Demand was made for the whole amount and a part payment would not be accepted. Appellant and appellee did not stand upon the same footing, as appellant had the power and means to deprive appellee of its water supply, and had threatened to exercise this power, and had in some instances actually shut off the water. The various pieces of property were occupied as residences and stores, which required water, and to shut the water off from them would entail great damage to appellee, as it had no other means of supplying them. The bills were not contracted by appellee, and it was under no more obligation to pay them than it was to pay any other bills of

any other person.  The back tax was not a lien upon the premises, and appellee had in no way, as required by law, promised to pay the same.  It is the well settled rule of this State that where one is compelled to make payment of money which the party demanding has no legal right to receive, in order to prevent injury to his person, business or property, such payment is, in law, made under duress and may be recovered from the party receiving it; and it makes no difference that the payment was made with full knowledge of all the facts, provided it was made under duress.  Appellee, at the time of payment, expressly stated that it was made under protest and to avoid trouble and damage to its property.  The payment was illegally exacted and appellee had a right to recover in an action of assumpsit.  *Westlake* v. *City of St. Louis,* 71 Mo. 47; *St. Louis Brewing Co.* v. *City of St. Louis,* 140 id. 417.

Complaint is made that the court allowed interest on the various amounts from the date of payment by appellee to the date judgment was rendered.  We do not think there was any error, for the reason that appellant wrongfully took from appellee the sum of $1564.94 and had it in its possession from that time until the present.  As a general rule, a municipal corporation is not liable for interest unless so required by special contract or by statute, but in case where a municipal corporation wrongfully exacts money and holds that money without just right or claim, it is liable for interest on the same.  *Vider* v. *City of Chicago,* 164 Ill. 354; *City of Danville* v. *Danville Water Co.* 180 id. 235.

We find no reversible  error, and the judgment will be affirmed.                                  *Judgment affirmed.*