CLARENCE C. BURKE v. CITY OF WATER VALLEY.

[40 South. Rep., 820.]

MUNICIPALITIES.    *Public waterworks.    Tenant.    Regulation.    Cutting
off water.*

It is unreasonable for a municipality owning and operating a water-
works plant to withhold water from a tenant who tenders payment
therefor because a previous occupant of the leased premises had
not paid for water furnished him therein, and any rule or munic-
ipal regulation purporting to justify such withholding of water is
void.

FROM the circuit court of, second district, Yalobusha county.
HON. SAMUEL C. COOK, Judge.

Burke, the appellant, was plaintiff in the court below; the
city of Water Valley, the appellee, was defendant there.    From

a judgment in favor of defendant, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*I. T. Blount,* for appellant.

When a city undertakes to furnish water for hire, it becomes liable as an individual would be liable. 30 Am. & Eng. Ency. Law (2d ed.), 404; 149 Mass., 410. A city, having undertaken to furnish water, must do as any other corporation or private person engaged in such business. 30 Am. & Eng. Ency. Law (2d ed.), 426. Nor can it cut off water because of a former occupant's delinquencies. 29 Am. & Eng. Ency. Law (1st ed.), 6; 152 Mass., 556. A city cannot refuse to turn on water because of the failure to pay cut-off charges. 30 Am. & Eng. Ency. Law (2d ed.), 420. On the measure of damages for failure to supply water, see 131 Cal., 192; 133 Cal., 556.

*H. H. Creekmore,* for appellee.

In operating waterworks, is the city of Water Valley acting in its governmental capacity, or is it acting in its private capacity, and liable for the manner in which it performs its work?

The difference between public and private powers conferred upon municipal corporations is sometimes hard to define; but if the power conferred has relation to public purposes and is for the public good, it is to be classified as governmental in its nature, and appertains to the corporation in its political character, and in that case the corporation is exempt from all liability, whether for nonuser or misuser. *Springfield, etc., Co.* v. *Keeseville,* 51 Am. St. Rep., 667. A city owning waterworks, not required but permitted by its charter, in the operation of the same acts in its governmental capacity, and is not liable in damages for negligence or mismanagement. *Ib.* Nor does the fact that water rents are paid by inhabitants of the municipality affect the question. *Ib.*

As was well said by the court in the case last cited, the operation of a system of waterworks is in no sense a private business, because their operation is for the benefit and protection of all the inhabitants.   The operation of a system of waterworks and sewerage promotes cleanliness and health throughout the town, and there is a corresponding benefit to all the inhabitants.   The collection of water rents is simply a mode of taxation, and any surplus which is collected—that is, more than enough to maintain the system—must necessarily go to the reduction of the general taxes.

It is to be borne in mind that the city of Water Valley is exercising a discretionary power in operating waterworks at all, being authorized by Code 1892, § 2948, so to do.   In the operation of this system it becomes necessary to make rules and regulations governing the business and to enforce the prompt collection of water rents, and one rule respecting water rent was that it shall be charged to the owner of the property, and not to the tenant.   This is a wise and reasonable rule; for the owner is usually a man of some responsibility, while the tenant is frequently a person moving about from place to place, financially irresponsible, and not coercible.   The city of Water Valley, in making this rule, or regulation, was acting in its governmental capacity, and is not liable for any injury that may have resulted to appellant on account of its enforcement.   Who is to make rules for, and govern the supply of water from, the waterworks system ?   Is it to be done by the city acting through its lawfully constituted authorities, or is it to be done by the whim, or caprice, of some tenant who rents a house from an owner who has failed to pay his water tax ?

The act complained of in this case is not dissimilar from other acts of negligence in its legal effect, and the same rules as to the liability or nonliability of a municipal corporation should apply.   A municipal corporation owning waterworks which supply private consumers, on the payment of water rent, is not

liable to the latter for negligently laying its mains so near the surface of the ground that the water in consumers' pipes freezes and the supply is cut off, though the corporation may suffer the loss of the rent during the period when the water is not supplied. 2 Dillon on Mun. Corp., sec. 964; *Smith* v. *Philadelphia,* 22 Am. St. Rep., 731.

In the authorities cited last above it is said that the introduction of water by a city into a private house is a license which was paid for, and is not on the footing of a contract guaranteeing a constant supply.

Nor is such corporation liable to the owner of property destroyed by fire in consequence of neglecting to supply suitable engines or fire apparatus or to provide and keep in repair public cisterns. The court considered that powers of this nature conferred on municipal corporations are legislative and governmental, and distinguished the case from those in which the duty is purely ministerial. 2 Dillon on Mun. Corp., sec. 976.

Nor is the city liable for its neglect in cutting off water from a hydrant but for which a fire might have been extinguished. *Tainter* v. *Worcester,* 25 Am. St. Rep., 90.

The true rule to be deduced from the authorities on this question seems to be that a municipality, in electing to operate a waterworks plant, in fixing the district which it will supply with water, and in making the rules and regulations concerning the operation of the plant and the methods of collecting the rents, acts in a governmental and legislative capacity, and for any error or wrong done while so acting no action will lie. If this be the true rule, then this case should be affirmed; for if any wrong was done by the city, it was done while acting in its legislative capacity.

WHITFIELD, C. J., delivered the opinion of the court.

The city of Water Valley owns its waterworks. Among the rules established by the city respecting the management and government of its waterworks system one was that the rentals

of water should be charged to the owner of the property, and not to the tenant; and a further rule was established that, if the water charge should not be paid, the water should be cut off, and no connection should be made until the delinquent charge was paid. The appellant rented a house within the water district, and tendered to the city authorities the amount due for water service, and requested that water be turned on, for his use, which service was refused him, on the ground that there were unpaid charges against the premises due from a former tenant. The reasonableness of this last rule is the sole question in this case. The circuit judge gave a peremptory charge to find for the defendant. Under the well-settled authorities on this subject this was manifestly erroneous. Among many authorities holding the true rule—that no such regulation can be established, but is necessarily void for unreasonableness—we cite but one, directly in point and conclusive of the case: *Turner* v. *Revere Water Company*, 171 Mass., 329 (50 N. E. Rep., 634; 40 L. R. A., 657; 68 Am. St. Rep., 432), decided in May, 1898, and followed since by a multitude of authorities. The court in that case, speaking of a precisely similar rule, say: "It may be desirable that a water company or a gas company should have an easy way of collecting its debts; but we see no reason why it should be enabled by the court to collect a debt from one who is not a party to the contract, when it sells its commodity on credit. The legislature may give such a company a lien, as it has given one to mechanics. We have no doubt that pay may be demanded in advance, though whether the owner of the house could not have the water shut off during the year, and recover for what he had not used, may be considered an open question." See *Rockland Water Co.* v. *Adams*, 84 Me., 472 (24 Atl., 840; 30 Am. St. Rep., 368). In this case the owner of a house had paid bills which contained the words, "One year's rent will be required in all cases." During a subsequent year he used the water for four months only, and was sued for a year's supply. It was held that

the regulation was unreasonable and void, and that the plaintiff could not recover unless the defendant expressly assented to the regulation, and that payment of former bills was not such assent. See, also, *Wood* v. *Auburn,* 87 Me., 287 (32 Atl., 906; 29 L. R. A., 376), where there are some strong remarks in favor of the consumer.

We have no doubt that a water company may demand a deposit, as is required by the Boston Gaslight Company, where it does not know the consumer.    This was held to be reasonable in the case of a gas company in *Williams* v. *Mutual Gas Co.,* 52 Mich., 499 (18 N. W. Rep., 236; 50 Am. St. Rep., 266).    See, also, *Shepard* v. *Milwaukee Gaslight Co.,* 6 Wis., 539 (70 Am. Dec., 479); *Id.,* 15 Wis., 318 (82 Am. Dec., 679).    The right to shut off water or gas, if a bill is not paid, is undoubted, so far as the consumer is concerned.    *People* v. *Manhattan Gaslight Co.,* 45 Barb. (N. Y.), 136; *McDaniel* v. *Springfield Waterworks Co.,* 48 Mo. App., 273; *Sheward* v. *Citizens' Water Co.,* 90 Cal., 635 (27 Pac. Rep., 439); *Shiras* v. *Ewing,* 48 Kan., 170 (29 Pac. Rep., 320).    If gas is supplied to the owner of different houses under separate contracts, failure to pay the gas bill on one house does not authorize the cutting off of the gas from the other.    *Gaslight Co.* v. *Colliday,* 25 Md., 1.    See, also, *Lloyd* v. *Washington Gaslight Co.,* 1 Mackey (D. C.), 331.    In *American Waterworks Co.* v. *State,* 46 Neb., 194 (64 N. W. Rep., 711; 30 L. R. A., 447; 50 Am. St. Rep., 610), where a consumer of water who was in default, after the water was turned off, tendered his arrears, but refused to pay one dollar, as required by regulation of the company, for turning the water on, the court by mandamus compelled the company to turn the water on, holding the regulation to be unreasonable.    See, also, *Smith* v. *Birmingham Waterworks Co.,* 104 Ala., 315 (16 South. Rep., 123).

Water is a necessity; without it a house cannot, at the present time, be occupied in any of our cities.    It must be obtained

87 Miss.—47

from a water company, and to compel a man to pay another's debt in order to obtain it seems to us a result that ought not to be reached.     Water is even a greater necessity than gas, for there are other means of lighting in use; and yet in the case of gas there is a decision directly in point.     In *New Orleans Gaslight, etc., Co.* v. *Paulding,* 12 Rob. (La.), 378, the plaintiff refused to supply the defendant with gas unless he paid an unpaid bill contracted by a former owner of the building.     In order to obtain the gas, defendant promised to pay the bill.     Plaintiff turned on the gas, and afterwards sued the owner on his promise to pay the amount due from the former owner. The court held that the promise was void, and that the plaintiff had no right to require such payment. In *Sheffield Waterworks Co.* v. *Wilkinson,* 4 C. P. Div., 410, 421, 422, it is said by Bramwell, L. J.: "My judgment does not proceed upon this, that the appellants have a right to insist upon the communication with their main remaining severed until their claim for rates due from the preceding occupier is satisfied.     I do not think they have such right.     That was, no doubt, the notion upon which they acted; but in my opinion it is not sustainable.     The learned magistrate who has stated this case has argued it extremely well, and I agree with him in thinking that it was not the intention of the legislature that the undertakers should be at liberty to withhold the supply of water from the respondent's premises until the arrears of some one else are paid.     I also agree with him in thinking that ample provision is made for their security by enabling them to demand the rates in advance, without having what may be called something in the nature of a lien upon the property itself for bygone rates."

*The judgment is reversed and the cause remanded.*