[No. 6172. Decided September 5, 1906.]

FRANK J. LINNE, *Respondent,* v. H. T. BREDES, *Appellant.*[1]

MUNICIPAL CORPORATIONS — WATER CHARGES — REASONABLENESS— VENDOR AND PURCHASER—INCUMBRANCES—PERFORMANCE OF CONTRACT. In the absence of express statutory authority a municipal corporation has no power to make delinquent water rentals a lien or incumbrance upon the premises as against a subsequent owner or occupant, a requirement that they be paid before a continuance of the service being unreasonable; and where such subsequent owner pays delinquent rentals pursuant to an ordinance requiring him to do so in order to obtain service, he cannot recover the same from his grantor under a promise to pay all "incumbrances" upon the property.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 30, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for breach of contract. Reversed.

*Larrabee & Wright,* for appellant.

*Horace A. Wilson,* for respondent.

CROW, J.—This action was instituted by the respondent, Frank J. Linne, against the appellant, H. T. Bredes, to re-

1Reported in 86 Pac. 858.

cover damages on a breach of contract. The respondent alleged that on December 5, 1904, he entered into a written agreement with the appellant for the purchase of certain personal property, consisting of an ice plant and a lease on realty in the city of Seattle; that by said contract appellant expressly promised to pay all liens and incumbrances of every kind and nature which might be against said property; that respondent fully performed said contract on his part; that upon entering into possession he discovered that the city of Seattle had cut off the water supply from said ice plant; that said property was incumbered with delinquent water charges, amounting to $426.95; that said city, acting under the provisions of § 349 of ordinance No. 4443, refused to supply said ice plant with water until said delinquent charges were paid; that respondent demanded of appellant that he pay said delinquent charges; that appellant refused to do so, and that respondent, to secure a supply of water, was compelled to, and did, pay the same. Appellant's demurrer to his complaint being overruled, he answered, making certain denials and pleading as an offset a claim of $500 for services rendered by him to respondent. Upon trial to the court without a jury, findings of fact were made in accordance with the allegations of the complaint. On the issue raised by the affirmative defense, the court found that there was no express or implied contract between respondent and appellant by which respondent employed appellant to perform any services, but that all services performed by appellant were voluntary and without the expectation of payment or reward. On these findings judgment was entered in favor of the respondent for $426.95 and costs, and this appeal has been taken.

Appellant has excepted to the findings made by the trial court, and has also excepted to its refusal to make specific findings requested by him. Most of his assignments of error are based on these exceptions. Without discussing the evidence, we will state that, after a careful examination of the

same, we conclude that it sustains the findings made. It appears from the evidence that the appellant Bredes was not the former owner or occupant of the property who had contracted the liability to the city for the delinquent water rents. He had but recently obtained an assignment of the legal title from the former occupant who had made such default.

Having adopted the findings made by the trial court, the only question for us to consider is whether they sustain the judgment entered. This depends upon the further question whether the delinquent charges were an incumbrance upon the property. An incumbrance has been correctly defined to be "Any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistently with the passing of the fee." Also, as "A burden upon land depreciative of its value, such as a lien, easement, or servitude, which though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee." This court approved these definitions in *Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 897. Respondent, having cited said case, also directs our attention to ordinance No. 4443 of the city of Seattle, entitled "An ordinance to fix, regulate and control the use and price of water supplied by the city water works, and providing penalties for the violation thereof," of which § 349 reads as follows:

"All water rates shall be charged against the property on which it is furnished and against the owner thereof, and if for any cause any sums owing therefor become delinquent the water shall be cut off, and in no case shall it be turned on to the same property until all such delinquencies shall have been paid in full. No change of ownership or occupation shall affect the application of this section."

Respondent insists that said section confers upon the city of Seattle the right to refuse water to an occupant of property until all delinquent water charges against said property that may have been incurred by a prior owner or occupant

have been paid. If he is right in this contention, the delinquent water charges constituted an incumbrance which the appellant had agreed to pay, and the respondent is entitled to recover in this action. The test of appellant's liability, therefore, is the right or power of the city to adopt such a rule by ordinance, and whether such regulation is reasonable. We have not discovered, nor have we been cited to, any express statutory authority for such an ordinance. The appellant contends (1) that the delinquent charges were not a lien or incumbrance, and (2) that in the absence of express statutory authority they could not be made such by ordinance.

We think these contentions must be sustained. The authorities seem to hold that, in the absence of express statutory authority, delinquent water rentals cannot be made a lien or incumbrance upon property, as against a subsequent owner or occupant who did not contract said charges or make default in their payment. *Turner v. Revere Water Co.,* 171 Mass. 329, 50 N. E. 634, 68 Am. St. 432, 40 L. R. A. 657; *Sheffield Water Works v. Wilkinson,* 4 L. R. C. P. D. 410; *Leighton v. Ricker,* 173 Mass. 564, 54 N. E. 254; *Dayton v. Quigley,* 29 N. J. Eq. 77. Respondent has made numerous citations of authority, which, upon a casual examination, might seem to sustain his position; but we find none of them to be in point. All of them are subject to the criticism either, (1) that they do not go to the extent of authorizing a water company, or a city operating a water system, to create a lien upon or hold property for delinquent charges due from prior owners or occupants, or (2) that where they hold the property may be subjected to a lien or incumbrance for such charges incurred by a prior owner or occupant, the right to thus create such incumbrance is expressly vested by statute.

*Tacoma Hotel Co. v. Tacoma Light & Water Co.,* 3 Wash. 316, 28 Pac. 516, 28 Am. St. 35, 14 L. R. A. 669, cited by the respondent, is subject to the first criticism here mentioned. There the company refused to supply water to the

identical party and property in default for the arrearages, and a regulation permitting such action was properly held to be reasonable. It will be observed, however, that no change of ownership or occupancy had intervened, and the company by its refusal of a water supply was not attempting to coerce one person into the payment of an obligation incurred by another. In *Jones v. Mayor etc.*, 109 Tenn. 550, 72 S. W. 985, the city refused water to the plaintiff, who was herself in default for rentals, and this was held to be a reasonable regulation. There was no attempt to hold her for the default of any other person. In *Sheward v. Citizens' Water Co.*, 90 Cal. 635, 27 Pac. 439, the dispute was over charges incurred by the plaintiff himself. The respondent has also cited the following Pennsylvania cases: *Altoona v. Shellenbuger*, 6 Pa. Dist. 544; *Appeal of Brumm*, (Pa.), 12 Atl. 855; *Girard Life Ins. Co. v. Philadelphia*, 88 Pa. St. 393; *Commonwealth v. Philadelphia*, 132 Pa. St. 288, 19 Atl. 136; *In re Gerry*, 112 Fed. 958; *Gilham v. Real Estate etc. Co.*, 203 Pa. St. 24, 52 Atl. 85. An examination of these cases, in connection with various statutes of that state, will show that, while some of them in substance hold that a water company or a municipal corporation operating a water system has the right to hold property for delinquent charges incurred by a former owner or occupant, thereby creating a lien or incumbrance, such right is conferred by statute. For instance, in *Appeal of Brumm, supra,* the opinion of the court refers to, and seems to be based upon, § 13 of the act of 1854, entitled: "A supplement to the act incorporating the Pottsville Water Company," etc. Said section is found at page 85 of the Pennsylvania Session Laws for the year 1854, and reads as follows:

"The owners of the freehold in and upon which the said water is taken and used, shall in all cases be the parties with whom the contract for the use of the water shall be made, and the said real estate shall be bound and liable for the use of the same, reserving to the said president and managers the

right to contract with the lessees or tenants on the responsibility of said lessees or tenants alone, if they see fit to do so."

This illustration tends to show that the Pennsylvania cases are not authority here. Another illustration of the various Pennsylvania statutes on this subject is found in the Session Laws of that state, for the year 1889, at page 311, being § 10, of art. 12, of an act providing for the incorporation and government of cities of the third class. This section, which pertains to the water and lighting department, reads as follows:

"The city councils shall provide by ordinance for the collection of all the lighting and water rates that may accrue from time to time, to the said city, for the use of the water or light, fixing the time when such rates shall be payable, and the penalties for non-payment thereof; and such rates shall be charged to the respective owners of the real estate on which such water or light is used, and if the same shall not be paid in accordance with the provisions of such ordinance, claims for the amounts due shall be registered in the city lien-docket in the same manner as is herein provided in the case of unpaid city taxes on real estate, with the like force and effect as to the lien thereof."

When a legislature by statute authorizes or gives a lien on land for unpaid water rentals, as it has the power to do, of course such a right so conferred can be asserted and enforced by proper ordinances and rules (1 Farnham, Waters, § 166), but we have no such statute in the state of Washington.

Respondent also cites *Atlanta v. Burton,* 90 Ga. 486, 16 S. E. 214, in which the decision is based upon an express charter provision. Having carefully examined each and all the authorities cited by respondent, we fail to find one that is pertinent or controlling in the case at bar. In *Howe v. Orange* (N. J. Eq.), 62 Atl. 777, the New Jersey court of chancery held that § 10 of the act of 1876 (Gen. St., p. 649), quoted in the opinion, made water rents a lien upon the prem-

ises supplied, until the same were paid and satisfied, even though the water for which the rents were delinquent was furnished to a building while it belonged to a previous owner. The ruling, however, is expressly based on said statute, and in commenting thereon the court said:

"In other jurisdictions similar legislation to that in this state upon this subject has received consideration, and the courts have held that the city or the water company has the power to shut off the water, and will not be restrained with respect thereto. It is held that the premises to which the water is furnished are liable, that indulgence with respect to the time of shutting the water off will not be held to operate against the right to do so, and that the fact that the title has changed hands since the furnishing of the water is immaterial. *Girard L. Ins. Co. v. Philadelphia,* 88 Pa. 393; *Appeal of Brumm,* (Pa.), 12 Atl. 855; *Atlanta v. Burton,* 90 Ga. 486, 16 S. E. 214."

This language not only discloses the theory of the doctrine announced by the New Jersey court, but also the basis of the doctrine announced by the Pennsylvania and Georgia courts in the very cases cited by the respondent.

The case of *Turner v. Revere Water Co., supra,* cited by appellant, contains a full discussion of the questions here involved, and not only announces principles of law which we think should be controlling here, but also reviews and distinguishes most of the cases cited by the respondent Linne.

It has been held that the corporate powers of a municipal corporation do not require it to furnish water to its inhabitants, but that it may elect to do so, and when it does so elect, it does not act by virtue of the exercise of the power of sovereignty. In *Appeal of Brumm, supra,* cited by respondent, the supreme court of Pennsylvania says:

"A municipal corporation which supplies its inhabitants with gas or water does so in its capacity of a private corporation, and not in the exercise of its powers of local sovereignty. If this power is granted to a borough or city, it is a special private franchise, made as well for the private emolument and advantage of the city as for the public good. In separa-

ting the two powers,—public and private—regard must be
had to the object of the legislature in conferring them. If
granted for public purposes exclusively, they belong to the
corporate body in its public, political, or municipal character;
but if the grant was for purposes of private advantages and
emolument, though the public may derive a common benefit
therefrom, the corporation *quo ad hoc* is to be regarded as a
private company. It stands upon the same footing as would
any individual or body of persons, upon whom the like spe-
cial franchises had been conferred. . . . It would seem
necessarily to follow from the authorities, that an ordinance
regulating the supply of water by a municipal corporation has
the same force, and no more, of a by-law of a private corpora-
tion, whose powers, in this respect, are of a like character,
and conferred for the same purpose."

The above language correctly states the law, and it necessarily
follows that, in the absence of express statutory authority con-
ferring upon the city of Seattle power to create a lien or in-
cumbrance for delinquent water rents incurred by a previous
owner or occupant, the ordinance above quoted would have
no more effect than the rules and regulations of a private
corporation operating a system of water works. The supreme
court of Pennsylvania, in *Brumm's Appeal, supra,* would
undoubtedly have held as we now hold, except for the express
statutory authority which we have quoted from the Session
Laws of 1854.

The very recent case of *Chicago v. Northwestern Mut. Life
Ins. Co.,* 218 Ill 40, 75 N. E. 803, 1 L. R. A. (N. S.) 770,
decided by the supreme court of Illinois, is directly in point
here. The appellant, by foreclosure, became the owner of
various properties in the city of Chicago, against which there
were delinquent water charges incurred by previous owners
or occupants. It offered to pay the city the regular current
charges for supplying it with water, but the city refused to
turn on the water or supply the same, until the appellee had
paid all of said prior charges. It became necessary for the ap-
pellee to pay, and it did pay, the same, in order that it might

secure water service. Having made such payment under protest, it afterwards instituted action against the city to recover the money so paid, its contention being that the city had no right to collect said delinquent rentals from it or incumber the property with the same. The supreme court of Illinois held that it was entitled to recover. In the absence of any express statutory authority conferring on the city of Seattle the power to compel a subsequent owner or occupant of property to pay delinquent charges, which he did not contract or incur, as a condition precedent to the enjoyment of further water service, and to thereby virtually create a lien upon or incumber his property, we hold that an ordinance making such a regulation, or attempting to warrant such a procedure, is unreasonable, and cannot be enforced. From this holding it follows that the delinquent water rent was not an incumbrance or lien which respondent was obliged to pay as a condition precedent to securing water service. It was the debt of a prior owner or occupant, for the payment of which he was not liable. The appellant was not liable under his contract for the payment of said delinquent water rents, as they were neither a lien nor an incumbrance.

The judgment is reversed, and the cause remanded, with instructions to dismiss the action.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.