## CITY OF HOUSTON v. LOCKWOOD INV. CO.

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1912. Rehearing Denied March 6, 1912.)

1. WATERS AND WATER COURSES (§ 201*)— PUBLIC WATER SUPPLY—REGULATIONS AND CHARGES.

A water company furnishing water for public use, as a public service corporation having extraordinary privileges, is charged by law with the correlative duty of treating all of the public alike and with an obligation to furnish water to each and every citizen or resident who may have need of it; and the fact that a waterworks system is owned by a municipal corporation does not change the rule.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 275; Dec. Dig. § 201.*]

2. WATERS AND WATER COURSES (§ 203*)— PUBLIC WATER SUPPLY — PAYMENT OF RENTS—REGULATIONS.

Ordinances passed by a city, authorized by its charter to make regulations for a system of waterworks, which provided that if any person neglected to pay water rent when due, or to pay for connections or repairs, or permitted any waste or use of water contrary to regulations, the water might be turned off and not turned on again until all back rents and charges and damages were paid, that water rents should be due and payable on the 1st day of each month, and that, if not paid within 10 days, the city might disconnect the premises, in so far as they made personal obligations, and provided that the persons failing to pay rent should have no further right to the use of the water—were reasonable and enforceable.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290–299; Dec. Dig. § 203.*]

3. WATERS AND WATER COURSES (§ 203*)— PUBLIC WATER SUPPLY — CHARGES AND REGULATIONS—VALIDITY OF ORDINANCES.

Ordinances passed by a city, authorized by charter to make regulations for a system of waterworks, without special authority to charge a lien against the premises supplied, providing that all charges for water would be made against the premises supplied; that owners should be responsible for tenants; that new tenants should not be entitled to a supply until all arrearages on the premises were paid; that water would not be furnished in any case to any person other than the owner of the building or premises to which it was furnished; that such owner should be liable for all water furnished to the premises, whether there be one or more tenants thereon; and that unless the owner paid such rents the water would be cut off—were discriminatory and in effect placed a lien on the premises and made one person liable for the debt of another and were unreasonable and invalid.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290–299; Dec. Dig. § 203.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by the Lockwood Investment Company against the City of Houston. Judgment for plaintiff, and defendant appeals. Affirmed.

J. E. Niday and W, H. Wilson, for appellant. Robert Ring, for appellee.

PETICOLAS, J. This case is on appeal from the county court of Harris county. During the time that certain real estate in the city of Houston was owned by one Frank Dunn, arrearages of water rentals to the amount of $130.50 accrued. The property was thereafter sold to the Lockwood Investment Company, and it made proper demand upon the city of Houston, which owns and operates the local waterworks, to turn on the water and connect the premises with its water system. Notwithstanding the tender and offer to tender to the city of such sums of money as it might require in advance for water to be used in the future upon said premises, the city declined to connect or turn on the water till said arrearages of $130.50 were paid. Thereupon the Lockwood Investment Company, under protest, paid said sum and afterwards applied to the city council for reimbursement, which being refused, it brought this suit against the city of Houston and recovered judgment.

The city of Houston was authorized by the Legislature of the state of Texas in its charter to make rules and regulations governing the operation of a system of waterworks. Article 2, § 7, of the Charter of the City of Houston; Gammell's Laws, vol. 12, p. 134. But no specific authority was given to the city of Houston to make the water rentals and charges a lien against the premises supplied. On the 30th day of October, 1906, the city of Houston adopted an ordinance containing, among others, the following provisions:

"Rule 25. All charges for water will be made against the premises supplied, and may be paid by either the tenant or the owner; owners, however, shall be so far responsible for tenants that new tenants shall not be entitled to a supply until all arrearages on the premises are paid.

"Rule 26. If any person so refuse or neglect to pay the water rent when due, or shall refuse or neglect to pay for connection made and for repairs made on service pipes, or provide meters, or permit any waste or use of water contrary to these rules and regulations, or any violation of any ordinance of the city, water shall be immediately turned off, and not turned on again until all back rent and other charges and damages are paid."

On the 16th day of December, 1907, the city of Houston adopted an ordinance containing the following provisions:

"Section 1. All water rents will be due and payable on the first day of each month, in advance, at the office of the water department of the city of Houston, in the city hall; if not paid within ten days after they fall due, the city reserves the right to disconnect from the main pipe without further notice, and not connect again until all the back dues are paid."

"Sec. 4. Water will not be furnished in any case to any person other than the owner of the building or premises on which the water is furnished, and such owner or owners shall be liable for all water furnished to said premises, whether there be one or many tenants thereon, and the city will not, in any case, furnish water to tenants on their own responsibility, or look to the tenant for payment for water furnished to the particular premises; and unless the owner of the property or premises pays the water rent for all water furnished on the premises, in accordance with the ordinances of the city of Houston, such water will be cut off."

It seems to be conceded by the appellant and by the appellee that practically the only question arising in the case is to be determined under that general rule of law established by the decisions which provides that a public service corporation shall treat alike and without discrimination all who apply to it for its services or commodities, and that it has the right to make reasonable regulations governing the conditions and manner of its service; the only question involved being whether or not the provisions as quoted from said ordinances were in their nature reasonable restrictions and conditions, and therefore valid and enforceable, or whether they were so unreasonable and discriminatory as to be invalid under the general rule stated.

[1] We believe there is no necessity for the citation of any specific authority as establishing the rule that public service corporations in the nature of water companies, gas companies, electric light companies, and others of like kind, being given certain extraordinary privileges and rights, and the nature and conduct of their business having a monopolistic character, are charged by law with the correlative duty of treating all of the public alike, and there is upon them an implied obligation to furnish the commodity in which they deal to each and every citizen or resident who may have need of the commodity which they sell or the service which they give.

[2] It will be observed the ordinances quoted provide that if any person refuse or neglect to pay the water rent when due, or refuse or neglect to pay for connections or repairs or to provide meters, or if they permit any waste or use of the water contrary to these rules and regulations, the water may be immediately turned off and not turned on again until all back rents and other charges and damages are paid. They also provide that water rents shall be due and payable on the 1st day of each month, and if not paid within 10 days after they fall due the city may disconnect the premises. It is apparent that in so far as these ordinances make a personal obligation and provide that the person failing to pay the rent shall have no further right to the water, they are reasonable regulations and in all respects valid and enforceable. This will be apparent from authorities hereinafter cited in this opinion.

[3] It will also be noted, however, that the ordinances provide that owners shall be responsible for tenants, and that new tenants shall not be entitled to a supply until all arrearages on the premises are paid. They provide that water will not be furnished any person other than the owner of the building or the premises; that the owner shall be liable for all water furnished to the premises, whether there be one or many tenants thereon; that the city will not in any case furnish water to tenants or look to the tenant for payment for water furnished. Each and all of these provisions contain three elements, which tend, in our judgment, to make them unreasonable, and therefore invalid: (a) There is a distinct provision that water will not be furnished to the tenant; (b) the effect of the provisions is to make one person responsible for the debt of another; (c) the practical effect of the provisions is to place a lien on the premises.

It is true this is not a lien in a strictly technical sense. It is not a lien in the sense that it could be foreclosed, and not a lien in the sense that the method of its enforcement is in personam and not in rem; yet, to all practical intents and purposes, it amounts in effect to a lien upon the property. Where the original owner of the premises has gotten into arrears and does not pay, under these ordinances, the subsequent purchaser may be forced to pay, not for water which he has used or for water which he will use, but for a debt incurred for water used by the prior owner and for arrearages charged against the prior owner, which, it is apparent, the city of Houston might have prevented by strictly enforcing against the prior owner its own regulations. Again, it will be noted that, in so far as the provisions mentioned partake of the nature of a lien, they are directly unreasonable, in that there is no recognized place for public record of such lien so as to give notice to the subsequent purchaser that there were arrearages upon the property. It is true he might ascertain by inquiry of the city whether such was the condition or not; but the knowledge to be gained by him by such inquiry would be a matter of grace with the city, and not a matter of right to the subsequent purchaser.

Considering the three elements mentioned, we are of the opinion that the portions mentioned of the ordinances quoted are, as indicated, unreasonable and invalid. See Burke v. City of Water Valley, 87 Miss. 732, 40 South. 820, 112 Am. St. Rep. 470; Turner v. Water Co., 171 Mass. 329, 50 N. E. 634, 40 L. R. A. 657, 68 Am. St. Rep. 432; Poole v. Water Co., 81 S. C. 438, 63 S. E. 874, 128 Am. St. Rep. 923. To our minds, the particular vices in the portions of the ordinances quoted are that they are discrimina-

tory. They, in effect, provide that unless the inhabitant of the city of Houston demanding water owns property, and if he is merely a tenant, he shall not be entitled to water. This is directly in conflict with the general rule stated above with reference to the obligations of such public service corporations. They are not confined to providing that the person who fails to pay shall have his water cut off, but they go further, and provide that the subsequent purchaser, who is not at fault and has not failed to pay anything, shall be penalized and required to pay the prior owner's debt, when, but for the laches of the city and its failure to enforce its own regulations, there could have been no arrearages. The fact that the waterworks in this instance are owned by a municipal corporation does not, in our judgment, change the rule. See Linne v. Bredes, 43 Wash. 540, 86 Pac. 858, 6 L. R. A. (N. S.) 707, 117 Am. St. Rep. 1068.

The case is therefore in all things affirmed.