[Civ. No. 1575. Second Appellate District.—September 8, 1914.]

## CHARLES O. NOURSE, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

MUNICIPAL CORPORATION—OPERATION OF WATER SYSTEM—PROPRIETARY OR SOVEREIGN CAPACITY.—Where a municipal corporation assumes, under its charter, the duty of operating a water system for the purpose of supplying its inhabitants with water, it acts, not in its sovereign capacity, but in the capacity of a private corporation engaged in like business.

ID.—SUPPLY OF WATER—DUTY TO FURNISH WITHOUT DISCRIMINATION.— In such case it is the duty of the city, like a private corporation, to furnish without discrimination to all its inhabitants who apply therefor a supply of water upon their compliance with such reasonable rules and regulations as it may lawfully establish for the conduct of the business.

ID.—RULES AND REGULATIONS—PAYMENT OF ARREARAGE OF FORMER OCCUPANT AS CONDITION PRECEDENT TO FURNISHING WATER.—A rule adopted by the city that all water rates shall be charged against the property on which it is furnished, and against the owner thereof, and in case of delinquency the water shall be cut off and not turned on until the payment of the delinquency, irrespective of any change in the ownership or occupancy of the property, is unreasonable and discriminatory as against an occupant of property whose predecessors are in default but who has himself complied with all the regulations established as conditions precedent to the furnishing of water; there being no statute or charter provision conferring authority on the city to adopt such a regulation.

ID.—MANDAMUS—WHEN LIES TO COMPEL CITY TO FURNISH WATER.—In such circumstances the applicant for water is entitled to a peremptory writ of *mandamus* to compel the city to supply him.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Paul Nourse, and John Beman, for Appellant.

Albert Lee Stephens, City Attorney, and Charles S. Burnell, Assistant City Attorney, for Respondents.

SHAW, J.—This is an appeal from a judgment of the trial court denying an application for a peremptory writ of man-

date commanding the board of public service commissioners of the city of Los Angeles to furnish petitioner a supply of water for use at the premises designated as No. 147 West Avenue 31 in the city of Los Angeles.

At all the times in question the city of Los Angeles owned and operated a water system by means of which water was supplied to said city and its inhabitants, and with the pipes and mains of which system the said premises of petitioner were connected. Among other rules and regulations established by ordinance for the supplying of water to the inhabitants of the city, was a provision as follows:

"All water rates shall be charged against the property on which it is furnished, and against the owner thereof, and if for any cause any sums owing therefor become delinquent, the water shall be cut off, and in no case shall it be turned on to the same property until all such delinquencies shall have been paid in full. No change of ownership or occupation shall affect the application of this section."

On October 27, 1913, petitioner made demand upon respondents for a supply of water for use upon said premises, to be delivered through the pipes connecting same with the said water system, and in making the demand he complied with all the rules and regulations established therefor, save and except that he refused to pay respondents the sum of $1.50, conceded to be due for water theretofore supplied for use upon said premises by a former occupant thereof. The sole question here involved is the validity of the provision above set forth by reason of which respondents seek to exact payment of this arrearage due for water used upon the premises by the former occupant thereof as a condition of furnishing petitioner the supply of water so demanded.

Under its charter the city has assumed the duty of operating a water system for the purpose of supplying water to its inhabitants. In the performance of this duty it acts, not in its sovereign capacity, but in the capacity of a private corporation engaged in like business. (*Appeal of Brumm*, (Pa.) 12 Atl. 855; *Linne* v. *Bredes*, 43 Wash. 540, [117 Am. St. Rep. 1068, 6 L. R. A. (N. S.) 707, 86 Pac. 858] ; 1 Wyman on Public Service Corporations, p. 187.) Like a private corporation, it is the duty of the city to furnish without discrimination to all its inhabitants who apply therefor a supply of water upon such applicants complying with such reasonable

rules and regulations as it may lawfully establish for the conduct of the business. The question is whether or not the provision upon the authority of which respondents base their refusal to supply the water is, in the absence of any statute authorizing the same, a reasonable regulation. Respondents have directed our attention to a number of cases wherein provisions similar to the one under discussion have been upheld. From an examination thereof it appears that in all the cases cited there existed a statute upon the authority of which the provision was enacted. (See *Howe* v. *City of Orange,* 70 N. J. Eq. 648, [62 Atl. 777]; *Appeal of Brumm,* (Pa.) [12 Atl. 855]; *City of Atlanta* v. *Burton,* 90 Ga. 486, [16 S. E. 214].) Where such right is conferred by statute or the organic law of the city, it can of course be asserted and enforced by ordinance embodying such rules and regulations. The city charter contains nothing touching the subject, and the general statutes of the state are silent in conferring such power. This being the case, the authority to enact the provision under discussion, if it exists at all, is by virtue of the general incidental power of the municipality. The provisions of ordinances enacted under such implied power must be reasonably necessary to carry out the express powers conferred and not inconsistent with the laws or policy of the state. (*Ex parte Green,* 94 Cal. 387, [29 Pac. 783]; *Egan* v. *City of San Francisco,* 165 Cal. 576, [133 Pac. 294].) The ordinance fixing the rules and regulations provides that ''all rates, except meter rates, are due and payable in advance, and meter rates are due and payable at the end of the month, excepting that a deposit may be required thereon in an amount not exceeding the estimated quantity of water consumed.'' It appears the water was supplied to the former occupant of the premises in question by meter, and therefore the rates were not due until the expiration of the month. But under the provision just quoted the city could have exacted a deposit in an amount equal to the estimated value of the quantity of water to be supplied, thus fully protecting itself against loss. It is therefore an unnecessary regulation and as applied to petitioner, unreasonable in that, while he is not in arrears for any water furnished to him or supplied to another upon his order, it is nevertheless insisted that he pay the debt of another as a prerequisite condition to the city performing its duty to supply water to all its inhabitants without dis-

crimination, and for a like reason is discriminatory against petitioner. While respondents do not seek directly to enforce payment of the charge against the property, they do, in withholding a legal right and by thus destroying the use of the property as a habitation, indirectly seek to compel petitioner to pay such charge. In addition to the authorities cited by respondents wherein the validity of the provision here attacked was upheld by reason of statutory authority, they have cited the cases of *Jones* v. *Mayor,* 109 Tenn. 550, [72 S. W. 985], and *Sheward* v. *Citizens' Water Co.,* 90 Cal. 635, [27 Pac. 439]. These cases are clearly distinguished from that at bar by reason of the fact that the applicant for water was himself in arrears and had made default in payment for water which had been theretofore supplied to him. Our conclusion is that the regulation in question is unreasonable in that, without statutory authority therefor, it makes one person liable for the debts of another and contravenes the duty assumed by the city to serve all its inhabitants without discrimination. This view is sustained by overwhelming authority. (See *Chicago* v. *Northwestern Mut. Life Ins. Co.,* 218 Ill. 40, [1 L. R. A. (N. S.) 770, 75 N. E. 803]; *Turner* v. *Revere Water Co.,* 171 Mass. 329, [68 Am. St. Rep. 432, 40 L. R. A. 657, 50 N. E. 634]; *Linne* v. *Bredes,* 43 Wash. 540, [117 Am. St. Rep. 1068, 6 L. R. A. (N. S.) 707, 86 Pac. 858]; *City of Houston* v. *Lockwood Inv. Co.,* (Tex. Civ. App.) 144 S. W. 685; *Harbison* v. *Knoxville Water Co.,* (Tenn.) 53 S. W. 995.)

The judgment is reversed and the trial court instructed to render judgment awarding petitioner a peremptory writ of mandate as prayed for.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1914.