## OLIVER *v.* FERGUSON & ALLEN.

[73 South. 569, Division A.]

ATTACHMENT. *Subjection of property to creditors. Possession. Traders. Boarding house keeper.*

A woman keeping a restaurant and boarding house does not belong to the genus "trader" and hence Code 1906, section 4784, relating to the liability of persons transacting business as "traders" has no application to her business.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Attachment for rent by Ferguson & Allen, landlords against M. E. Ates, wherein P. Oliver filed a claimants appeal.

The facts are fully stated in the opinion of the court.

*W. S. Pierce,* for appellant.

Appellees relied upon section 4784 of the Code of 1906 and claimed that the property of appellant is liable thereunder. I submit that Mrs. Ates, the tenant, was not a trader within the meaning of that section and that she did not acquire the property in question in the conduct of said business. *Durham et al.* v. *Slidell Liquor Co.,* 49 So. 739.

A trader is one who sells goods substantially in the form in which they are bought and who has not converted them into another form of property by skill and labor; therefore, one who carried on the business and converting it into lumber for sale is a manufacturer, and not liable to indictment for failure to pay a tax and obtain a license as a trader. *State* v. *Chadbourn,* 30 Am. Rep. 904.

A restaurant keeper is not a trader within the meaning of the statute. *In Re Wentworth Lunch Company,* 159 Fed. Rep. 413; *In Re Excelsior Cafe Co.,* 175 Fed. Rep. 294.

*Tally & Mayson,* for appellee.

The property being bought, used and acquired in the business and being in the possession of the lessee at the time of its seizure for rent, it was liable for appellee's debt. Code 1906, sec. 478.

Appellant insists that a restaurant keeper does not come within the terms of the statute, because forsooth, the restaurateur is not a trader within the meaning of the statute. Learned counsel place too narrow a construction on the statute. The statute not only provides that for a person transacting business as a trader, but also includes persons of all like kind. The language is "if a person transacts business as a trader or otherwise."

There can be no dispute that Mrs. Ates was transacting business as a hotel keeper and according to the English authorities she is a trader in the strict sense of the term. 38 Cyc. 97, citing *King* v. *Simmons,* 1 H. L. Cas. 754, 773, 12 Jur. 903, 9 Eng. Reprint 959.

Appellees had a right to subject all the property except the piano and stock, without the aid of the statute. The appellant himself stated that he sold Mrs. Ates this property. On page 18 of the record appellant testified that all the property was in there when Mrs. Ates took charge of the premises. On record 19 we have the following: "Q. Are you claiming the ice box or not? A. Well, I would like to have it; she has not finished paying for it. Q. Is it yours; that is the question? A. No, sir, it is Mrs. Ates; she purchased it of me but she did not finish paying for it." It will be seen then that this property was sold on credit; that the title was in Mrs. Ates and was subject to the landlord's lien without reference to the statute. We insist though that the statute fixes the absolute ownership of all the property claimed by the appellant in Mrs. Ates. The piano and stool is in the restaurant and is being constantly used.

by Mrs. Ates in the business; that fixes ownership in her and its liability to appellee's debt is undoubted.

SYKES, J., delivered the opinion of the court.

Appellees, as landlords, sued out an attachment for rent against one M. E. Ates in a justice of the peace court of Forest county, and certain personal property was distrained under said proceedings as belonging to the tenant, Mrs. Ates. The appellant, Oliver, filed a claimant's affidavit in said case claiming one piano, one stool, some shelving, one counter, one end of a counter, and one ice box as belonging to him. On the trial of the claimant's issue in the justice of the peace court Oliver lost, and presecuted an appeal to the circuit court. In the circuit court Oliver's testimony shows that all of the above-named personal property, with the exception of the ice box, belonged to him and was by him lent to Mrs. Ates, who kept a restaurant and boarding house. The testimony showed that the ice box had been sold by Oliver to Mrs. Ates. At the conclusion of the testimony introduced by the claimant, Oliver, the circuit court granted a peremptory instruction in favor of the landlords (appellees here) upon the theory that section 4784 of the Code of 1906 was applicable, that under this section of the Code Mrs. Ates transacted business as a trader or otherwise, and that the above-named property was used or acquired in such business by her. Mrs. Ates, whether she was a hotel proprietor or a restaurant and boarding house keeper, did not belong to the class of persons included in this section, and the personal property above mentioned was not used or acquired by her in any such business. As was stated by WOODS, C. J., in the case of *Van Range Co.* v. *Allen,* 7 So. 499:

"The hotel keeper not belonging to the genus trader, . . . we are wholly unable to see what applicability

that statutory panacea, section 1300 of the Revised Code, had to the case at bar.''

Section 4784 is an exact copy of section 1300 of the Code of 1880. The lower court was correct in the peremptory instruction relating to the ice box, but committed error as to the other items of personal property above set out.

*Reversed and remanded.*