CARNAGGIO BROS. *v.* CITY OF GREENWOOD.*

(Division B. April 5, 1926.   Suggestion of Error Overruled May 10, 1926.)

[108 So. 141.   No. 25608.]

1. FRAUDULENT CONVEYANCES. *Bulk Sales Law held not to apply to sale of restaurant, where no merchandise is sold in transfer thereof (Hemingway's Code, section 3129 [Laws 1908, chapter 100]).*

Section 3129, Hemingway's Code (Laws of 1908, chapter 100), does not apply to a restaurant being sold, where no merchandise is sold in the transfer of the restaurant.

2. PRINCIPAL AND AGENT. *Business Sign Statute held not applicable to sale of restaurant operated under name of "Elite Café," where merchandise was not sold in usual mercantile way, and there was no claim against property conveyed (Hemingway's Code, section 3128 [Code 1906, section 4784.])*

Section 3128, Hemingway's Code (section 4784, Code of 1906), known as the Business Sign Statute, is not applicable to the case of a sale of a restaurant operated under the name of the "Elite Café," where merchandise is not sold in the usual mercantile way.

3. ELECTRICITY. *Waters and water courses. City, operating public utility, such as electric lights or water supply, cannot require applicant for service to pay account made by another at place applied for.*

A city operating a public service utility, such as electric lights, water, etc., must furnish such service or commodity to the public under reasonable regulations, and it cannot require an applicant for such service to pay an account made by another person or corporation at the place applied for, in the absence of a statute regulating the power of individuals to make contracts in reference thereto. *Ginnings* v. *Meridian Waterworks Co.*, 56 So. 450, 100 Miss. 507, Ann. Cas. 1914A, 540, cited.

---

*Corpus Juris-Cyc. References; Electricity 20CJ, p. 306, n. 15 New; p. 333, n. 77, 83; p. 334, n. 92, New; Fraudulent Conveyances 27CJ, p. 878, n. 76; Names 29Cyc, p. 270, n. 44 New; Applicability of Bulk Sales Act to hotel, restaurant, boarding house, saloon, pool hall, or livery stable see note in 7 A.L.R. 1587; 12 R.C.L. 525; 2 R.C.L. Supp. 1443; 4 R.C.L. Supp. 761; 5 R.C.L. Supp. 649.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Action by Carnaggio Bros. against the City of Greenwood begun in a justice court. From a judgment for the plaintiffs, an appeal was taken to the circuit court, and, from its judgment for the defendant, plaintiffs appeal. Reversed, and judgment rendered for the plaintiffs.

*Gardner, Odom & Gardner,* for appellants.

I.  There is no merit in the defense interposed by the defendant that this claim should have been first presented to the city to be by it allowed or rejected.  *Pyland* v. *Purvis,* 87 Miss. 433.

So far as we have been able to find, there has been no revision of the law made since the decision of *Pyland* v. *Purvis* requiring claims against municipalities to be filed with the board of mayor and aldermen, or the councilmen, for allowance or rejection, before a suit can be brought.

II.  Section 3129, Hemingway's Code, the Bulk Sales Law, expressly prohibits or makes void as against creditors of the seller, any stock or portion of stock of merchandise sold otherwise than in the ordinary course of trade, or in the regular and usual prosecution of the seller's business.  In this case, the sellers, John Kiriaze and his partners, the proprietors of the Elite Cafe, were not merchants and did not sell any stock or portion of a stock of merchandise, and the bill of sale which was introduced by the defendant as an exhibit to the testimony of Mr. Dennis, expressly provides, "all merchandise and all flour, meal, bread, coffee, sugar and milk which are now on hand are expressly excepted from this conveyance," etc.

Any cafe or restaurant would, of necessity, have on hand such supplies of the kind and nature as excepted from this conveyance; and even though this had been included in the bill of sale, we do not think that the proprietors of the Elite Cafe would have been engaged in the merchandising business, so as to make a transfer by them to Carnaggio Brothers void as to their creditors.

III.  Section 3128, Hemingway's Code, is the "Sign Statute."  There is no evidence in this record to show that the name of any person appeared anywhere as the owner

or proprietor of this business, or that any name with the additions mentioned in section 3128, Hemingway's Code, but to the contrary, the testimony shows the business was conducted as the ''Elite Cafe.''

It has been held by this court that the Sign Statute is not applicable to a hotel keeper. *John Van Range Co.* v. *Allen,* 7 So. 499, or to a woman keeping a restaurant and boarding house. *Oliver* v. *Ferguson,* 112 Miss. 521, 73 So. 569. Or to a person in the undertaking business. *Sayers & Scovill Co.* v. *Doak,* 127 Miss. 216, 89 So. 917. Or to the business of buying lumber, planing it for business purposes and reselling it. *Yale* v. *Mfg. Co.,* 63 Miss. 596.

The court has held in several cases that this Sign Statute had no application whatever to any kind of business except that of merchandise and traders and persons *ejusdem generis.* *Yale* v. *Taylor,* 63 Miss. 598; *Lyons* v. *Steele,* 86 Miss. 261.

The purpose and scope of the statute is to protect creditors who furnish credit to a person doing business in violation of the statute on the idea that such person was the owner of the business. Before the Sign Statute can apply, it must be proved that the defendant is transacting business in his own name. *Harris* v. *Robson, Black & Co.,* 68 Miss. 506.

In the case at bar, the defendant has not endeavored to collect any claim due it by the plaintiffs vendor, from any property conveyed or sold in violation of either one of these two statutes.

The City of Greenwood is under the same obligation to furnish lights and water to all persons in the City of Greenwood, who apply for the same and pay, or offer to pay, all lawful charges, as a public service or private corporation would be. It was the duty of the city when J. S. Carnaggio applied to the clerk of the City of Greenwood on April 4, 1925, to furnish him with electricity, to furnish the electricity as required upon his offer to

comply with all regulations and to pay any and all lawful charges. 28 C. J., p. 332, sec. 28, "Electricity."

The receipt executed by the City of Greenwood and delivered to Carnaggio Brothers, through J. S. Carnaggio, and in evidence as an exhibit to the testimony of Mr. Dennis, shows that this money was paid by Carnaggio Brothers under protest; that the money was due by John Kiriaze *et al.* and that the city refused to furnish Carnaggio Brothers with electricity unless this bill was paid.

The obligation to furnish electricity in homes and business places in a city or town is the same as that for the furnishing of water or sewerage. *Burke* v. *Water Valley,* 87 Miss. 732; *Ginnings* v. *Water Works Co.,* 100 Miss. 507.

This court has held that a waterworks company has no right to impose a penalty for the failure to pay water charges when due and that an extra charge of one dollar made against a delinquent is unreasonable and void. *Ford* v. *Vicksburg Water Works Co.,* 102 Miss. 717.

Certainly, if a regulation which imposes a penalty of one dollar on a delinquent is unreasonable and void, a rule or regulation which requires the prospective patron to pay a delinquent charge against a former tenant or occupant of the premises then occupied by him would be unreasonable and void.

*M. F. Pierce,* for appellee.

I. It is true that in certain instances that a city can be sued directly without first presenting the claim to the governing body of the city for allowance or rejection, but we submit that this is not one of the cases. This is true in the case of damages or torts. This is a case where there is an exercise of governmental function or discretion, and the city is not liable to suit. *Clarksdale, etc.* v. *Caldwell Co.,* 80 Miss. 343, 31 So. 790; *Holman* v. *Moore,* 70 Miss. 267, 12 So. 23, 19 L. R. A. 222.

The case of *Pyland* v. *Purvis,* 67 Miss. 433, cited by appellant is not in point.

II. · Appellants contend that the Bulk Sales Law, section 3129, Hemingway's Code, has no application here. The fact remains that the buyers bought all of said merchandise and the bill of sale expressly provided that it was conveyed to them and how it should be conveyed. We maintain that this transaction came within the purview of the Bulk Sales Law. By the very bill of sale they admitted that they were merchants and traders and said bill of sale so provides.

III. Appellants in their brief say: "There is no· evidence in this record to show that the name of any person appeared anywhere as the owner or proprietor of this business, or that any name with the additions mentioned in section 3129, Hemingway's Code, but to the contrary, the testimony shows the business was conducted as the 'Elite Cafe.' " We accept their statement as true and by their own statement they admit that appellants herein did not comply with said Sign Statute. If they had put on their sign "Elite Cafe, J. S. Carnaggio, Vince Carnaggio and Tony Carnaggio, Proprietors and Owners," it would have been different, but they continued to use the same sign "Elite Cafe" and there was no way for any dealer to know from said sign who the owners or proprietors of said "Elite Cafe" were. We fail to see where a single case cited by appellants on this contention is applicable to the facts in this case.

The case at bar is a case where there was a public place which traded goods, bought and sold for profit cigarettes, coca cola, cold drinks, cigars, etc., and is entirely different from a private boarding house. "Merchants," as used in Act 1862, extending to two years the limitation on merchants' accounts, includes the keeper of a hotel who in the same house buys and retails liquors, tobacco, and other articles as an unrestricted business.

*Campbell* v. *Flinck,* 63 Ky. 107, cited in Words & Phrases, (1 Ed.). See also *City of Gulfport* v. *Stratokos,* 90 Miss. 489, 43 So. 812.

IV. Appellants contend that if the Bulk Sales Law and the Sign Statute were applicable, appellee herein could not avail itself of the benefits of these two stat-utes in this action, because this is a suit of appellants herein against the City of Greenwood for money collected in an unlawful and illegal manner, by forcing the appellants herein to pay the city a bill alleged to be due the City of Greenwood by third parties by refusing to furnish to plaintiffs lights in their place of business, when the defendant was under a legal duty to furnish said lights.

The payment of this bill by appellants was not made under duress. They did not have to make this payment. All that they had to do was to make the proper application for lights and meet the usual requirements as to making light connections and they would have been given lights. They did not choose to do this, which is further evidence that they, too, the same as the city, were relying on the contract with the Elite Cafe. The bill of sale introduced shows such intention.

An application and compliance with the rules and regulations must be a condition precedent to the furnishing of electricity. The city had a right to cut off the current under their rules and regulations as agreed upon. 27 R. C. L., p. 1452, et seq.; 40 L. R. A. (N. S.) 263 and other cases cited; *Carmichael* v. *City of Greenville,* 73 So. 278; Am. &. Eng. Ency. of Law (2 Ed.), pp. 418-419; *Tacoma Hotel Co.* v. *Tacoma Light & Water Co.,* 14 L. R. A. 669; *Guard L. Dis. Co.* v. *Philadelphia,* 98 Pa. 393; *Com.* v. *Philadelphia,* 132 Pa. 288.

ETHRIDGE, J., delivered the opinion of the court.

The appellants brought suit against the city of Greenwood for fifty-six dollars and seventeen cents, paid the

city under protest for a light bill held by the city against one John Kariaze, who had operated a restaurant business in Greenwood under the name of "Elite Cafe." The bill claimed was for the month of February, but after that time Kariaze and his partners sold out to the appellants, who thereafter conducted the restaurant business under the same name, the Elite Cafe.

It had been the custom of the city to draw drafts on the Elite Cafe in payment of its monthly bills for lights for the said cafe, and it drew the customary draft which had theretofore been paid by Kariaze and his partners, and the draft was paid by the bank, but after the sale the draft was charged back by the bank to the city of Greenwood, and the city then demanded of the appellants the payment of the said bill, which they refused to pay; whereupon the city discontinued the lights, and the appellants applied for a continuation of the lights, but the city refused to furnish the lights unless the said bill was first paid. Appellants conferred with counsel and paid the bill, under protest, in order to secure the lights, and brought suit for a return of the money.

The city defended, it appears, upon the theory that there was a continuation of the business without notice to it of the change in ownership of the business, and also on the theory that the Bulk Sales Law (section 3129, Hemingway's Code [Laws of 1908, chapter 100]), was not complied with in making the sale, and also because no business sign was placed at the building to indicate the true owner under the provision of section 3128, Hemingway's Code (section 4784, Code of 1906).

When the sale was made from Kariaze to the appellants, it conveyed the following described property:

"At our place of business in said city of Greenwood, which place of business is known and conducted as the Elite Cafe, to wit, all the fixtures, and all personal property of every kind and description owned by us, or any of us and now in our possession, or under our control, and used in or about or in connection with the conduct-

ing of the business of the Elite Cafe in the city of Greenwood, in Leflore county, Miss., which cafe is located at the northwest corner of the intersection of Carrollton avenue and Lamar street in said city. All merchandise and all flour, meal, bread, coffee, sugar, and milk which are now on hand are expressly excepted from this conveyance and are to be conveyed to the grantors as provided for in the contract hereinabove mentioned. It is intended by this instrument to convey to the grantors herein the name and the good will of the Elite Cafe and the right to continue business should they so desire under the same name as the business is now conducted, to wit, Elite Cafe.''

There was a judgment for the plaintiff in the justice court, and an appeal was taken to the circuit court where the case was tried, without a jury, before the judge, who rendered judgment for the city, from which this appeal is prosecuted.

We assume that the circuit judge decided for the city on the theory that the Bulk Sales Statute applied or that the Business Sign Statute applied, or both, but we are unable to agree with that conclusion. By the express terms of the contract, all merchandise and other articles were excepted from the contract, of sale, and it appears that what was really sold was the fixtures and restaurant equipment with good will. We are of the opinion that section 3129, Hemingway's Code (Laws of 1908, ch. 100), does not apply to a business of this kind. The running of a restaurant is not mercantile business within the meaning of this statute, where no merchandise is sold in the sale of the business.

We are also of the opinion that the Sign Statute (section 3128, Hemingway's Code [section 4784, Code of 1906]) is not applicable here, because there was no claim against the property conveyed, nor was the service sold to the appellants for the month of February. See *John Van Range Co.* v. *Allen* (Miss), 7 So. 499; *Oliver* v. *Ferguson,* 73 So. 569, 112 Miss. 521.

The contract with the original owners of the Elite Cafe was a contract between the city and those persons. No lien was established in favor of the city by furnishing electricity. There is nothing to show any agreement by the appellants to assume that the indebtedness in the purchase of the business, nor does the law impose any obligation except in cases where the law or a contract creates a lien, and a party is only liable for the debts of another person when he contracts to become liable, unless a statute has imposed a condition upon the right to contract. In the case of a city furnishing the public electricity or water, it becomes a public service business, and must furnish those persons, applying therefor, this public service, and cannot require a person applying to pay the debts of other persons who have used the service at the same place and have not paid the bills unless it has a contract by which it has secured a lien or right going with the property and binding it in the hands of the purchasers. *Ginnings* v. *Meridian Water Co.,* 56 So. 450, 100 Miss. 507, Ann. Cas. 1914A, 540; *Burke* v. *Water Valley,* 40 So. 820, 87 Miss. 732, 112 Am. St. Rep. 468.

We think the court below was in error and should have rendered judgment for the appellants. The judgment of the court below will therefore be reversed, and judgment rendered here for the appellants.

*Reversed, and judgment here.*