Miller *v.* Myers et al., Appellants.

PER CURIAM, May 13, 1929:

This appeal, by the defendants, is from a decree of the Court of Common Pleas of Allegheny County, sitting in equity, which declared a sale fraudulent under the Bulk Sales Act of May 23, 1919, P. L. 262, and, in accord therewith, held appellants liable as receivers to the creditors of the vendors. A decree nisi determined, inter alia, "the fair value" of the goods in controversy, as the act requires shall be done, and named a future day for the vendors' creditors to present their claims. Certain exceptions to the decree were sustained, and, without formally changing the findings of fact or the conclusions of law thus affected, the court fixed a later date for presenting claims. This, the last order entered, was merely an amendment of the former decree nisi;

it does not appear to be a final decree, and for this reason appellee has moved to quash the appeal therefrom.

Appellants mention the Act of March 30, 1921, P. L. 60, as their authority for appealing from such decree, but no accounting is ordered by the decree and, plainly, no accounting of the character contemplated by the Act of 1921 is involved. Finally, the Bulk Sales Act of 1919 has no special provision for appeals. Cases arising under that statute are subject to the general rule that decided points must await the final conclusion of all matters involved before an appeal lies. Here, from the decree itself, it is apparent that things yet remain to be done, which may give rise to new points for judicial determination, before this case is finally concluded; hence the present appeal is premature.

The motion before us is sustained, and the appeal is quashed.