## TEXAS HIDE & LEATHER CO. v. BONDS et al.

No. 20374. Opinion Filed Feb. 2, 1932.

(Syllabus.)

E. I. Wakeman and Kittie C. Sturdevant, for plaintiff in error.

Meyer & White, for defendant in error F. J. Bonds.

ANDREWS, J. This is an appeal from a judgment of the district court of Hughes county by the plaintiff in the action. The action was to recover a money judgment on account against the defendant in error N. A. Oates. He will be hereinafter referred to as the defendant. The plaintiff took issue with the answer of the defendant in error F. J. (Frank) Bonds, as garnishee, and a trial was had on the issue made thereby, resulting in a judgment in favor of the plaintiff for $20 and costs. The garnishee hereinafter will be referred to as the garnishee.

The following facts are disclosed by the record: The defendant was the owner of a shoe and harness shop which he sold to the garnishee. The property sold consisted of machinery, tools, and fixtures of the estimated value of $1,425 and merchandise of the estimated value of $225. The consideration for the sale was the sum of $1,650. At the time of the sale the Ferguson Company had a suit on account against the defendant pending in the county court of Hughes county, and after the sale that company attached the merchandise, except some $20 worth which had been sold by the garnishee, but not the machinery, tools, and fixtures. That attachment was sustained and the property was sold by the sheriff, under the attachment proceedings, on April 2, 1928. The garnishee purchased the same at the sale, paying therefor the sum of $100. The amount paid was applied by the court on the judgment in favor of the Ferguson Company against the defendant. On July 21, 1928, the plaintiff filed its affidavit in garnishment against the garnishee in the suit in the district court against the defendant. The garnishee filed an answer denying liability and the plaintiff took issue with the allegations of the answer. On December 17, 1928, the district court rendered judgment in favor of the plaintiff against the garnishee in the sum of $20, the basis of that judgment being the amount of merchandise purchased by the garnishee from the defendant and sold by the garnishee. From that judgment the plaintiff appealed to this court.

Nine assignments of error are set forth in the brief of the plaintiff.

It is admitted that there was no compliance with the Bulk Sales Law. The record shows that the sale from the defendant to the garnishee was in good faith for a fair consideration actually paid. The record shows that there was no fraud in the sale from the defendant to the garnishee other than that presumed under the provisions of section 6027, C. O. S. 1921, commonly known as the Bulk Sales Act.

The plaintiff contends that, under the provisions of section 6027, supra, and section 6030, C. O. S. 1921, the garnishee is liable to it in garnishment. It will be noted from the provisions of section 6030, supra, as follows:

"Any purchaser, transferree or mortgagee, who shall not conform to the provisions of this act, shall be liable to the creditors of such transferrers, mortgagors or pledgors in garnishment, and such stock so transferred, mortgaged, or pledged shall be subject to attachment"

—that the purchaser is liable to the creditors of the transferrer in garnishment and that the merchandise transferred is subject to attachment. It is equally clear from the provisions of section 6027, supra, that the act applies only to stocks of goods, wares, and merchandise and that it does not apply

to machinery, tools, and fixtures which are not kept for sale but for use in a shoe and harness shop. Attention is called to the fact that, under the provisions of section 6029, C. O. S. 1921, the act does not apply to sales under judicial process.

Since the merchandise was purchased by the garnishee at a judicial sale under attachment on behalf of the Ferguson Company, prior to the garnishment in this action, except only $20 worth which had been sold by the garnishee, and since the trial court rendered a judgment in favor of the plaintiff against the garnishee for $20, the plaintiff has been given all of the benefit to which he is entitled under the provisions of the act.

The plaintiff contends that the attachment sale was fraudulent and void, but the trial court found to the contrary, and we cannot say that that judgment is not supported by competent evidence. In fact, we find no competent evidence to the contrary.

The plaintiff contends that the garnishee could not purchase the property at the attachment sale, but we cannot sustain that contention. The garnishee had as much right to purchase the property attached, at the attachment sale, as anyone else.

The plaintiff contends that, under the authority of National City Bank v. Huey (S. C.) 102 S. E. 516, the Bulk Sales Law applies to the entire sale for the reason that the machinery, tools, and fixtures and the merchandise were sold under one contract for one lump sum. Such is not the law of this state. The amount of the consideration is not the determining factor under our statute. Under our statute the purchaser is liable for the value of the property purchased and not for the purchase price, except only in those cases where the purchase price has not been paid to the transferrer, in which case the ordinary rule in garnishment would apply.

Finding no error in the record, the judgment of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1), annotation in 2 L. R. A. (N. S.) 338; 12 R. C. L. 527; R. C. L. Perm. Supp. p. 3144; R. C. L. Pocket Part, title Fraudulent Conveyances, § 56.