## HOOD RUBBER PRODUCTS CO. v. DICKEY et al.

No. 21793. Feb. 6, 1934.

John F. Vaughan, for plaintiff in error.

J. W. Reece, for defendants in error.

OSBORN, J. This is an appeal from an order of the district court of Payne county sustaining a demurrer to the evidence offered in support of a writ of garnishment, and a judgment in favor of garnishee.

The Hood Rubber Products Company, hereinafter referred to as plaintiff, on December 3, 1928, obtained a judgment against R. W. Dickey in the sum of $335.17, together with interest and costs. Four executions were issued and returned, "no property found." On July 12, 1929, a garnishment affidavit was filed in which it was alleged that L. A. Taylor, hereinafter referred to as defendant, had in his possession certain personal property belonging to Dickey, not exempt from seizure. Certain interrogatories were submitted to defendant, to which he filed answer. Issue was joined on the answer and the matter tried to the court. The court sustained a demurrer to plaintiff's evidence and rendered judgment in favor of defendant garnishee, from which judgment and order, this appeal has been lodged.

The only issue involved herein is whether or not at the time of service of the garnishment summons, defendant garnishee had in his possession any property of Dickey, the judgment debtor.

The record shows that Dickey was the owner of an automobile business; that defendant had signed certain notes as surety for Dickey to the American National Bank of Stillwater in the total amount of $7,514.-80; that the bank also held a mortgage on the stock of auto merchandise, parts, tires, and accessories and a number of used automobiles owned by Dickey.

On May 27, 1929, the bank obtained judgment against Dickey and Taylor on the notes and for a foreclosure of the chattel mortgage. Defendant Taylor paid the judgment and took an assignment of the judgment from the bank. A special execution was issued and the property sold at sheriff's sale and purchased by defendant for $1,015, for which amount Dickey was credited on his indebtedness to defendant.

A bill of sale was executed by Dickey to defendant on June 5, 1929, to the following described property, not included in the mortgage above mentioned: "Office desk and chairs, 1 filing case, all garage tools, and equipment, and all interest in new cars on the floor and all accounts due the Dickey Motor Company."

Through these conveyances Taylor became the owner of the entire business, and operated the same thereafter. It was shown that after these transfers had been made, Dickey was still indebted to defendant in the sum of $6,400. Plaintiff contends that the transfers so made are fraudulent and void as violative of section 10014, O. S. 1931, commonly known as the Bulk Sales Law. It is agreed that the provision of said statute requiring notice of the proposed transfer to other creditors was not complied with.

In the recent case of Texas Hide & Leather Co. v. Bonds, 155 Okla. 3, 8 P. (2d) 20, it is said:

"The Bulk Sales Law of the state of Oklahoma applies only to stocks of goods, wares and merchandise, and does not apply to machinery, tools and fixtures kept in a harness and shoe shop for use therein but not for sale. * * *

"The Bulk Sales Law has no application to the purchase of property at sales under judicial process."

As to fixtures, see, also, Muskogee Wholesale Grocery Co. v. Durant, 49 Okla. 395, 153 P. 142; McPartin v. Clarkson, 240 Mich. 390, 215 N. W. 338, 54 A. L. R. 1535, and annotation.

In line with the policy of construction heretofore placed upon the Bulk Sales Law (sec. 10014, supra), which refers only to "stock of goods, wares, and merchandise," we see no cause or reason for extending the terms of the statute to cover outstanding accounts.

We are therefore concerned only with the transfer by bill of sale in so far as it covers "all interest in new cars on the floor." The record is silent as to any explanation of what this interest amounted to, and as to whether or not there was any interest therein on the part of the dealer until the cars were actually sold. In view of the state of the record, we can only say that plaintiff has failed in this regard to establish its burden of proof, and it is unnecessary to pursue this discussion further.

There is no contention that Dickey was not indebted to the defendant Taylor in the amounts charged and the only fraud charged is that fraud arising from a failure to conform to the Bulk Sales Law. Since no part of the transaction is covered by the provisions of the Bulk Sales Law, there is no merit to plaintiff's contention.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.