B. F. GOODRICH RUBBER Co. *v.* BRELAND *et al.*

HOOD TIRE CORPORATION *v.* SAME.

(Division A. April 23, 1934.)

[154 So. 303. Nos. 31196, 31197.]

**Heidelberg & Roberts,** of Hattiesburg, for appellants.

Paul B. Johnson, of Hattiesburg, for appellees.

Argued orally by **M. M. Roberts**, for appellant, and by **Paul B. Johnson**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

Each of these appellants filed, on the same day, bills in equity in the county court of Forrest county against the appellees, alleging that the appellee Breland, while indebted to them for merchandise sold him, sold his stock of merchandise to the other appellees, J. H. and H. C. Overstreet, without complying with the Bulk Sales Law, section 3353, Code of 1930; prayed for a discovery of the articles sold, the value thereof, and the amount paid therefor, and for a judgment against each of the appellees for the amount of the debts due them by Breland.

The cases were not consolidated, but were tried together by agreement, resulting in decrees awarding personal judgments against Breland, but dismissing the bills as to the Overstreets. These decrees were affirmed on appeal to the circuit court.

Breland owned and operated an automobile filling station. He returned to the appellants the merchandise bought from them, and then sold his filling station to H. C. Overstreet, without complying with the requirements of the Bulk Sales Law. The evidence discloses that the sale to Overstreet was agreed on, but that a day intervened between the making of the agreement and the consummation of the sale, during which day Breland continued to operate the filling station, delivered the property sold the next day, and then received payment therefor. On the morning of the day of the agreement for the sale, Breland purchased, at Overstreet's suggestion, a lot of oil and gasoline, placed the same in his receptacles therefor, and sold therefrom during the day. The amount of oil and gasoline so purchased does not clearly appear, but Overstreet paid Breland seven hundred eighty-nine dollars and sixty-two cents, five hundred dollars of which, according to him, represented the filling station fixtures, and the remainder was to cover the gasoline and oil. Overstreet's contention is that he purchased from Breland only the fixtures; that the gasoline and oil referred to were purchased by Breland for and as the agent of Overstreet. It is immaterial how Breland came to purchase the gasoline and oil. He purchased it on his own credit, used it in his business, and it became for all intents and purposes a part of his stock and trade.

In so far as the fixtures are concerned, it would be immaterial whether any oil and gasoline were included in the sale to Overstreet, for fixtures used in connection with a mercantile business are a part of the owner's "stock of merchandise," and within the provisions of the Bulk Sales Law. Walton v. Walter Fisher Co., 146 Miss. 291, 111 So. 364. Cf. Carnaggio Bros. v. Greenwood, 142 Miss. 885, 108 So. 141. The evidence discloses that J. H. Overstreet was not a party to the sale and had nothing to do therewith, except that H. C. Overstreet obtained the money from him with which to make the purchase.

The circuit court should have affirmed the decrees of the county court as to Breland and J. H. Overstreet, reversed them as to H. C. Overstreet, and tried the cases de novo as to him. Section 704, Code of 1930. Such decrees will be entered here.

Reversed in part and remanded.