## The Union National Bank of Mahanoy City v. Garvey et al.

*R. P. Swank* and *M. J. Ryan*, for plaintiff.
*J. J. Gallagher* and *M. M. Burke*, for defendants.

HOUCK, J., December 14, 1936.—The chancellor held that the sale here in question was void for noncompliance with the terms of the Bulk Sales Act of May 23, 1919, P. L. 262, and entered a decree nisi accordingly. Defendants filed six exceptions to the chancellor's findings of facts, six to his conclusions of law, nine to his refusal to find requested findings of fact and conclusions of law, and a general exception to the decree nisi.

The exceptions to the findings of facts and to the refusal to find facts as requested are all without merit. The findings of fact are based on the admissions in the pleadings and on plaintiff's uncontradicted evidence. Defendants did not offer any proof whatever.

The facts may be briefly stated as follows: Defendant Garvey was the proprietor of a gasoline station conducted in a one-story frame building erected on a lot of ground leased by him from the Philadelphia & Reading Coal & Iron Company. On September 17, 1935, Garvey sold to the Atlantic Refining Company, for $5,200, the building and fixtures and equipment used in his business. At the time of the sale Garvey was engaged in the sale of gasoline, oil and other merchandise at retail, and was indebted to plaintiff in the sum of $1,500. The sale was made without complying with the provisions of the Bulk Sales Act. The building in which the business was carried on was personal property, and, under the lease from the Philadelphia & Reading Coal & Iron Company to Garvey, the lessee was permitted to remove the building erected on the leased ground. There cannot be, and was not, any substantial dispute concerning these facts.

Fundamentally, but a single question is involved, and that is whether the sale by Garvey to the Atlantic Refining Company was a sale of such character that it fell within the provisions of the Bulk Sales Act. Defendants suggest two other questions, namely: Is plaintiff a creditor which may avail itself of the benefits provided by that act?; and does equity have jurisdiction to set aside the sale?

We agree with the chancellor's conclusion that the sale is comprehended within the provisions of the Bulk Sales Act.

The act applies to every person "who shall bargain for or purchase . . . any stock of goods, wares, or merchandise of any kind, in bulk, or fixtures, or any goods, wares, or merchandise of any kind and fixtures, in bulk". The act, being in derogation of the common law, must be

strictly construed. Consequently, its application has been limited to the sale of goods or fixtures of merchants and other like dealers: Gitt v. Hoke et al., 301 Pa. 31. It does not apply to manufacturers, hotel keepers, nor building contractors: Broad Street National Bank v. Lit Brothers, 306 Pa. 85; Brockway Machine Bottle Co. v. Monaca Glass Co. et al., 118 Pa. Superior Ct. 347; Mervine v. Indian Queen Hotel Corp. et al., 11 D. & C. 353; Northrop v. Finn Const. Co., 260 Pa. 15.

The character of Garvey's business is settled by the chancellor's seventh finding of fact, to which no exception has been taken, which finding is: "At the time of said sale, Glenn Garvey, Jr., was engaged in the sale of gasoline, oil and other merchandise at retail." It will be noted that the act applies when fixtures only are sold, even though no goods, wares or merchandise are transferred. If a merchant or other like dealer sells his fixtures in bulk and does not sell any stock, nevertheless the sale is governed by the statute. While the act is to be construed strictly, such construction does not warrant a disregard of the plain terms of the act. Since the act applies to the sale of fixtures in bulk, defendants' argument that the statute is applicable only to goods and merchandise sold over the counter is unavailing. The fixtures which are intended are those which belong to the business like trade fixtures, and the articles which Garvey sold were fixtures belonging to the business. The building constituting his service station was personal property and a necessary fixture in the prosecution of the business of selling gasoline and oil. The showcases, the sections of wall cases and shelving, the heatrola, the cash register, the chairs, and the lighting fixtures and shades, all of which were sold, unquestionably were trade fixtures used in the business. The equipment also included in the sale, such as grease guns, car jacks, air compressors, air hose and gauges, and miscellaneous tools, may all have been of use in the business of selling gasoline and oil. Garvey sold all the fixtures

and equipment used by him in his retail business, and the sale was within the provisions of the Bulk Sales Act.

We have examined the cases from other jurisdictions cited by defendants. They are not applicable. Saqui v. Wiricks, 167 N. Y. Supp. 661, was decided under an act covering sales of merchandise or merchandise and fixtures. The act was held inapplicable because no merchandise was sold. Robbins et al. v. Fuller et al., 148 Ark. 173, 229 S. W. 8, and McMillen v. Nelson, 47 N. D. 284, 181 N. W. 618, dealt with sales of real estate. Of course, the sale of real estate is not within the act. Hood Rubber Products Co. v. Dickey, 167 Okla. 304, 29 P. (2d) 115, and American Surety Co. of N. Y. v. M-B Ise Kream Co., 65 S. W. (2d) 287 (Tex. 1933), involved businesses other than retail merchants.

A case practically identical in its facts with the present case is B. F. Goodrich Rubber Co. v. Breland et al., 170 Miss. 117, 154 So. 303, and it was held that the sale was within the provisions of the Bulk Sales Act of Mississippi: Code 1930, §3353.

That plaintiff, admittedly a creditor of Garvey, was entitled to notice of the sale, as provided by the statute, is settled beyond dispute by George H. West Shoe Co. et al. v. Lemish et al., 279 Pa. 414. The court said at page 417:

" 'The term creditors, as descriptive of the persons in whose favor the statute declares a bulk sale fraudulent and void, is usually not restricted to any particular class of creditors, but includes all persons who are creditors of the seller at the time of sale, although their claims have not been reduced to judgment, or were not due, and although they were not creditors for merchandise, but were merely general creditors of the seller in other transactions': 27 C. J. 879. Though not the subject of discussion in Pennsylvania, this thought has been approved by the appellate courts of other states: Fidelity & Co. v. Thomas, 133 Md. 270; Newcomb v. Montague, 205 Mich. 80;

Touris v. Karantzalis, 156 N. Y. Supp. 526; Burnett v. Trimmell, 103 Kan. 130."

Hence plaintiff was entitled to notice of the sale even though it may not have been a creditor on account of goods, wares, merchandise or fixtures or on account of money borrowed for the business. Plaintiff was a creditor at the time of the sale, and how the status arose is immaterial. .

In answer to the last question suggested, we hold that equity has jurisdiction. Equity has taken jurisdiction and the procedure has been outlined in George H. West Shoe Co. et al. v. Lemish et al., supra; Miller v. Myers et al., 297 Pa. 197; 300 Pa. 192; International Shoe Co. et al. v. Duttenhofer et al., 120 Pa. Superior Ct. 102; Waverly Oil Works Co. v. Farbacher, 76 Pitts. 63; General Automotive Supply Co. v. Kamsky, etc., 33 Dauph. 385.

We find no error in the decree nisi. It follows as of course from the chancellor's findings of fact and conclusions of law. All the exceptions are dismissed and we enter the following

### Final decree

And now, December 14, 1936, it is ordered, adjudged and decreed as follows: That the sale by Glenn Garvey, Jr., to the Atlantic Refining Company is fraudulent and void for noncompliance with the provisions of the Bulk Sales Act of May 23, 1919, supra; that the fair value of the property sold to the Atlantic Refining Company was $5,200; that the Atlantic Refining Company be held liable to the creditors of said Glenn Garvey, Jr., as a receiver, to the extent of $5,200; that Monday, February 1, 1937, at 10 a.m., be fixed for hearing for the creditors of said Glenn Garvey, Jr., to present their claims to court, notice of said hearing to be given by publication in the Record-American, Mahanoy City, the Pottsville Journal, Pottsville, and the Schuylkill Register, for three consecutive weeks prior to said hearing; and that defendants pay the costs of this proceeding.

From G. Harold Watkins, Frackville.