This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-37228**

**ANGELICA M. LECHUGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Angelica M. Lechuga has appealed following her convictions for driving while intoxicated (DWI) (third offense), child abuse, contributing to the

delinquency of a minor, and driving on a revoked license. We issued a calendar notice proposing to summarily affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertion of error. We therefore affirm.

{2}     Defendant has raised a single issue, challenging the denial of a motion for continuance. We previously set forth the relevant background information and principles. [CN 2-5] *See State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (identifying the relevant factors). To very briefly reiterate, numerous considerations including the anticipated three-month delay, the request on the morning of trial, the failure to identify any specific objective, and the apparent absence of prejudice to the defense all support the district court's ruling. *See State v. Gonzales*, 2017-NMCA-080, ¶¶ 32, 34, 36, 39-40, 406 P.3d 534) (holding that the district court did not abuse its discretion in denying a motion for continuance that was filed the day of trial, given the anticipated three-months of additional delay, as well as the patent inconvenience to the court and the State, and the failure to establish prejudice); *State v. Archuleta*, 2012-NMCA-007, ¶¶ 3, 5, 269 P.3d 924 (upholding the denial of a motion for continuance filed the day before trial, where the defendant asserted that he was unprepared but provided insufficient reasons why, and did not explain how additional preparation would have benefitted the defense).

**{3}** In her memorandum in opposition Defendant contends that the district court should be said to have abused its discretion because it "fail[ed] to consider any of the factors" and "did not give a reason for denying the continuance." [MIO 6] However, we are aware of no authority in this context requiring the courts to make specific findings, and we decline to infer or presume the suggested error. *See State v. Lopez*, 2005-NMSC-018, ¶ 21, 138 N.M. 9, 116 P.3d 80 (indicating that where explicit findings are not required, "the reviewing court indulges in all reasonable presumptions in favor of the trial court's ruling"); *State v. Greene*, 1978-NMSC-099, ¶ 7, 92 N.M. 347, 588 P.2d 548 (observing that "abuse of discretion will not be presumed; it must be affirmatively established"). As previously described, the record supplies sufficient information about relevant particulars; under the circumstances, findings are not essential. *See Rivera-Platte v. First Colony Life Ins. Co.*, 2007-NMCA-158, ¶ 45, 143 N.M. 158, 173 P.3d 765 ("In the absence of findings, we look to the record for explanation of the district court's rationale and evidence to support its decision.").

**{4}** Defendant also invites the Court to presume prejudice. [MIO 7] However, such a presumption prejudice is justified in only "a very limited class of cases." *State v. Brazeal*, 1990-NMCA-010, ¶ 18, 109 N.M. 752, 790 P.2d 1033; *see also State v. Salazar*, 2007-NMSC-004, ¶¶ 25, 27, 141 N.M. 148, 152 P.3d 135 (recognizing that prejudice may be presumed only under exceptional circumstances, and explaining that

in this regard *Brazeal* offers guidance). The illustrations entail far less opportunity for preparation than the four weeks involved here. [MIO 7] *See Brazeal*, 1990-NMCA-010, ¶¶ 17-18 (indicating that prejudice may be presumed only under "egregious circumstances," such as where counsel is not appointed in a highly publicized capital case until the day of trial; and explaining that prejudice is not to be presumed under less extreme circumstances, such as where counsel is appointed just days before the trial). We therefore conclude that this case does not present the sort of egregious circumstances capable of supporting a presumption of prejudice.

{5}    Defendant further suggests that the denial of the requested continuance effectively denied her a defense. [MIO 7, 10] However, she offers nothing concrete, apart from the lost opportunity to refine her motion to suppress in unspecified ways, and the failure to call a witness who was not mentioned at the time the continuance was sought, and whose probable testimony was presumably known and not apparently supportive of a viable defense. This is not persuasive. *Cf. Gonzales*, 2017-NMCA-080, ¶¶ 39-40 (declining to consider an argument concerning the need for a continuance in order to call an additional witness when that specific argument was not preserved, and holding that the defendant failed to establish prejudice where the probable testimony of other putative witnesses was known, but the defendant did not claim they were essential and failed to procure their presence).

4

{6} Finally, Defendant suggests analogy to the situation presented in *State v. Stefani*, 2006-NMCA-073, 139 N.M. 719, 137 P.3d 659. [MIO 7-9] In that case a continuance was improperly denied where, on the morning of trial,

> there were still eleven or twelve witnesses that needed to be interviewed, . . . the defense still needed to obtain an expert[,] . . . [d]efense counsel apprised the district court of some specifics regarding his lack of preparedness in light of the complexity of the case, including that he had not yet viewed any of the [s]tate's video or photographic evidence, and had not interviewed any of the police officers[,] . . . defense counsel pointed out that possible defenses would be left unexplored if he were forced to go to trial immediately, including a possible search and seizure suppression issue and the [s]tate's destruction of all evidence and failure to obtain any fingerprints[, and f]inally, defense counsel argued that because of the co-defendant's last minute plea the morning trial was set to begin and subsequent agreement to testify for the prosecution, defense counsel did not have adequate time to interview [that] witness.

Id. ¶ 13. Succinctly stated, the situation presented in this simple case is not remotely analogous. For the reasons previously described, we deem *Gonzales* and *Archuleta* far more applicable.

{7} In closing, we recognize that trial counsel's preparation does not appear to have been ideal, [MIO 3, 7] and that a continuance could have been granted without doing violence to Defendant's right to a speedy trial. [MIO 6-7] Under the circumstances, the district court could have exercised its discretion differently. *See Gonzales*, 2017-NMCA-080, ¶ 38 (holding that at least one factor weighed in favor of granting a continuance, where the defendant had been assigned numerous public defenders and

5

where counsel present at the trial "may have had less than the typical amount of time to prepare"); *cf. State v. Spearman*, 2012-NMSC-023, ¶ 47, 283 P.3d 272 (Daniels, J., specially concurring) (recommending that the trial courts consider the question whether a continuance will result in an "infringement of a defendant's speedy trial rights" before ruling). However, that is not the question before us. *See Boutz v. Donaldson*, 1999-NMCA-131, ¶ 6, 128 N.M. 232, 991 P.2d 517 ("[W]e we will not disturb [a close decision] on appeal just because the [district] court could have reached, but was not required to reach, a different result."). Ultimately, "[w]ith sympathetic concern for the rights of the accused, and mindful that the search for truth deserves adequate time and opportunity, we . . . conclude that the [district] court did not abuse its discretion." *State v. Nieto*, 1967-NMSC-142, ¶ 6, 78 N.M. 155, 429 P.2d 353.

**{8}** Accordingly, for the reasons stated, we affirm.

**{9}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**

_____

**HENRY M. BOHNHOFF, Judge**